878 So.2d 864 (2004)
STATE of Louisiana
v.
John L. AINSWORTH.
No. 04-CA-177.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 2004.
*865 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Kenneth J. Beck, Julie C. Tizzard, Gretna, LA, for Intervenor/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
Appellant, Diamond State Insurance Company, appeals the trial court's denial of its Motion to Set Aside Judgment of Bond Forfeiture. We affirm.
The record shows that defendant, John L. Ainsworth, was arrested for simple burglary in Jefferson Parish on May 18, 2001.[1] On the same day, Ainsworth obtained an appearance bond with Bail Bonds Unlimited in the amount of $10,000.00. The surety on the bond was Diamond State Insurance Company, the appellant. The bond gave an appearance date of July 2, 2001.
Ainsworth's arraignment hearing was in fact set for and held on July 12, 2001. When Ainsworth did not appear in court, the Court ordered that an attachment be issued for him, and also ordered that the appearance bond be forfeited. This judgment was read and signed in open court on July 12, 2001. Notice was mailed to Diamond State Insurance Company and other pertinent parties, including Ainsworth, on July 20, 2001.
On October 1, 2001, Diamond State Insurance Company filed a Motion to Set Aside Judgment of Bond Forfeiture, arguing that the record contained no proof of actual service upon defendant of notice for the court date of July 12, 2001, as required by LSA-R.S. 15:85, and thus the bond forfeiture was a nullity. The motion also argued "any and all other reasons which may be shown at the trial on this matter." The hearing was set for December 13, 2001, but was continued and reset for March 14, 2002.
The record reflects that at the hearing on March 14, 2002, the trial court denied the Motion to Set Aside Judgment of Bond Forfeiture, but gave no reasons.[2] The following day, Diamond State Insurance Company filed its Notice of Appeal.
On appeal, Diamond State Insurance Company argues that the trial court erred in denying the Motion to Set Aside Judgment of Bond Forfeiture on two grounds. First, Diamond State Insurance Company argues that it presented evidence that defendant, *866 Ainsworth, was in fact incarcerated in Hinds County, Mississippi, on his appearance date of July 12, 2001, which is a grounds for non-forfeiture under LSA-R.S. 15:87(A)(2). Further, appellant argues that the record contains no evidence that Ainsworth was actually served with notice of his July 12, 2001 appearance date, as required by LSA-C.Cr.P. art. 344.
Concerning the first Assignment of Error, Diamond State Insurance Company argued at the hearing that Ainsworth was incarcerated in Hinds County jail on the date of his arraignment in Jefferson Parish (July 12, 2001), which is a cause for non-forfeiture of the bond. They presented a "Detention Letter" purporting to be from Hinds County, Mississippi, which stated Ainsworth had been incarcerated there since July 4, 2001. The State objected to this line of defense on the grounds that it was asserted untimely. The State argued that under LSA-R.S. 15:85(5), Diamond State Insurance Company had six months from the date the notice of bond forfeiture was mailed on July 20, 2001, to file a Motion to Set Aside the Bond Forfeiture and/or amend the motion to assert valid grounds in support of its position, and while Diamond State Insurance Company's motion was filed within six months, it failed to raise this particular defense, the motion was never amended to include it, and the defense was not raised until the morning of the hearing, March 14, 2002, some eight months following July 20, 2001.
LSA-R.S. 15:85(5) states:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
The defense asserted in Diamond State Insurance Company's motion, lack of proper service upon the defendant of the appearance date under C.Cr.P. art. 344, was not raised until October 1, 2001, the date the motion was filed, which was more than 60 days after the mailing of the notice of bond forfeiture on July 20, 2001. Though no party raises this issue, it appears that the motion on these grounds was untimely. Only those defenses based upon C.Cr.P. art. 345 and R.S. 15:87 may be raised, in summary proceedings, as late as the six month time period found in the last sentence of R.S. 15:85(5). Other defenses, such as this one, must be raised within sixty days of the mailing of the notice of bond forfeiture. This motion, which is by summary proceeding, was filed on October 1, 2001, more than sixty days after the mailing of the notice of bond forfeiture on July 20, 2001.
The defense of incarceration is found in R.S. 15:87. It is undisputed that these grounds were not raised in Diamond State Insurance Company's motion, nor was the motion amended at any time to assert such grounds. The first notice and evidence of this defense came at the hearing on March 14, 2002, well after the six month period had elapsed.
*867 Further, on the merits, though the State did not object to the "Detention Letter" introduced by Diamond State Insurance Company, this letter appears to be inadequate proof of the defendant's incarceration under R.S. 15:87(B), which states:
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
The "Detention Letter" is unsigned, has no seal, and is not accompanied by a sworn affidavit, nor was its authenticity verified by competent testimony. It does not comply with R.S. 15:87(B).
This case is clearly distinguishable from State v. West, 384 So.2d 784 (La.1980), wherein the Motion to Set Aside was filed timely, based upon the defense of incarceration in R.S. 15:87, but proof was not presented to the court until two days after this six months had elapsed. The court found that the timely filed motion clearly alleged the grounds of incarceration as a defense and counsel had vigorously urged this motion early in the proceedings. Further, the evidence of incarceration was a sworn affidavit from the United States Marshal. In this case, though the Motion to Set Aside was filed within six months of the mailing of the notice of forfeiture, it did not raise the R.S. 15:87 defense of incarceration.
Accordingly, we find that Diamond State Insurance Company's Motion to Set Aside was filed untimely, based upon the defenses asserted in the motion, as not being filed within the time delays allowed in R.S. 15:85 in the use of summary proceedings, sixty days of the notice of mailing of bond forfeiture, and additionally introduction of evidence of incarceration was untimely because it was not asserted until well after the six month time period in which to assert that defense had elapsed, nor was the evidence authenticated.
Diamond State Insurance Company argues that the trial court erred in denying its motion because the State failed to properly serve Ainsworth with the notice of his appearance date, as per C.Cr.P. art. 344. As previously noted, their motion was untimely on that ground as well. On the merits, their argument also fails.
The pertinent part of LSA-C.Cr.P. art. 344 states:
B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.
(2) The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for *868 the commercial surety to the address designated pursuant to Article 322.
LSA-C.Cr.P. art. 322 states:
Art. 322. Declaration of residence by defendant and surety; waiver of notice
A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
B. A personal surety signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
C. A commercial surety shall inscribe on the face of the power of attorney used to execute the bond its proper mailing address. This address shall be conclusively presumed to continue for all the proceedings on the bond, until a written declaration changing the address is filed in the proceeding in which the bond was given.
D. The agent or bondsman posting the bond shall write under his signature his proper mailing address. This address shall be conclusively presumed to continue for all the proceedings on the bond, until a written declaration changing the address is filed in the proceeding in which the bond was given.
E. By signing the bail bond, the defendant and his surety waive any right to notice, except the notice provided for in Article 344 and R.S. 15:85.
Regarding service, the State argues that they presented evidence that Ainsworth provided a false address on the appearance bond on May 18, 2001. They submitted evidence that Ainsworth moved from this address in March prior to time in May when he used this address on his appearance bond. This evidence, a return of service on a subpoena, does not appear in the record, but counsel for the State recited it into the record:
The State is opposing Mr. Beck's motion on both grounds.
No. 1, on the service issue, there is a subpoena return in the record which shows  well, the subpoena shows that the Jackson County, Mississippi, Sheriff's Office attempted to serve the defendant at the address on the bond, which was 227 Western Hills, and noted on the return, "Moved in March," and that, "A Michael Anderson now lives here." And it's signed by the deputy.
So the State did try to serve the defendant at the address that he gave us. And because he wasn't there, we should not be penalized for that.
In its brief, the State reprints the return more fully:
STATE OF MISSISSIPPI
COUNTY OF HINDS
John Ainsworth
NOT FOUND IN HINDS COUNTY, After
Diligent search and inquiry.
This 20th day of June, 2001.
M.E. McMillin, Sheriff
By R.C. Alford, D.S.
Moved in March
Michael Anderson now lives here
R.C. Alford
Diamond State Insurance Company did not object to this evidence.
*869 The State argues in brief that this is evidence that Ainsworth furnished a false address on his appearance bond in May of 2001, contrary to the requirements of LSA-C.Cr.P. art. 322. In response to Diamond State Insurance Company's argument that the State should have served Ainsworth by U.S. Mail so that he would have had the opportunity to receive the notice via the mail at any forwarding address, the State points to the notice of bond forfeiture mailed via certified mail; the bond forfeiture notice, which was mailed on July 20, 2001, was returned "Moved, no forwarding address" as proof that any attempt of service via the U.S. Mail would have been futile. We find that the State complied with the notice requirements of C.Cr.P. art. 344.
For the foregoing reasons, we find that the trial court's judgment denying the Motion to Set Aside Judgment of Bond Forfeiture was not error. Accordingly, we affirm.
AFFIRMED.
NOTES
[1] He was charged by Bill of Information with simple burglary on June 5, 2001.
[2] The ruling is evidenced by the transcript of the hearing, where the trial judge ruled in open court, and in a minute entry. No separate written judgment appears in the record.