889 So.2d 1030 (2004)
STATE of Louisiana
v.
Debra CAMPBELL.
Nos. 04-CA-572, 04-CA-573.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 2004.
*1031 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, R. Christopher Cox, III, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Kenneth J. Beck, Julie C. Tizzard, Gretna, LA, for Intervenor/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
SOL GOTHARD, Judge.
In these consolidated cases, Bankers Insurance Company (Bankers) appeals a decision of the trial court which denied a motion to set aside a judgment of bond forfeiture. For reasons that follow, we affirm.
Both cases involve the same defendant, Debra Campbell, who was charged in two separate bills of information filed on May 9, 2003 with prostitution and possession of cocaine, respectively. In the prostitution charge, an appearance bond in the amount of $1,750.00 was written, and in the drug charge an appearance bond in the amount of $5,000.00 was written. Both bonds were underwritten by Bankers Insurance Company. When Ms. Campbell failed to make a scheduled court appearance in both cases set for June 4, 2003, the trial court rendered judgments of bond forfeiture in each case.
On December 8, 2003, Bankers filed a "Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment," alleging that the judgments of bond forfeiture were absolute nullities because:
a) There is no proof in the record that the defendant was served with notice of the court date for which the bond forfeiture was granted. LA Code Crim. Proc. Art. 344(b)(1) requires that such notice be provided. Absent such notice, under Art. 344(b)(4) the bond forfeiture is inappropriate;
b) Notice of such is provided within six months from the date of the mailing of the notice of bond forfeiture; and
c) For any and all other reasons which may be shown at the trial of this matter.
After a hearing on the motion, Bankers presented two arguments in favor of the motion: service to the defendant was insufficient, and the defendant was incarcerated in Orleans Parish from December 1, 2003 to December 4, 2003. A "Letter of Verification of Incarceration" dated December 11, 2003 was introduced into evidence to support the second argument. After hearing the arguments and considering the documentary evidence, the trial court entered judgments denying the motions in each case. It is from those judgments that Bankers appeals.
The first issue for our review is whether the notice to defendant of the scheduled court date was sufficient to satisfy the notice requirements of the law on bond forfeiture.
The record shows that both bonds show a court date of Monday, June 9, 2003 at 10:00 a.m. However, that date was changed to June 4, 2003. A subpoena in each case noticing the new date of June 4th was issued to defendant on May 14, 2003. The address used for the subpoena is the same *1032 one listed on the appearance bond. The sheriff's return dated May 19, 2003 shows that notice was not served on defendant because the occupant of the home denied that defendant lived there. A subsequent attempt to serve defendant notice of the judgment of bond forfeiture by certified mail at the same address was also unsuccessful.
La. R.S. 15:85(5) provides:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
La. R.S. 15:87 provides:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.
La.C.Cr.P. Art 345(D) provides:
A. A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
B. If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture *1033 or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for and receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
C. When a surety receives either a certificate of surrender provided for in Paragraph A of this Article or a letter of verification as provided for in Paragraph B of this Article, the surety shall pay a fee of twenty-five dollars to the officer charged with the defendant's detention for recalling the capias, accepting the surrender or verifying the incarceration, processing the paperwork, and giving the surety a certificate of surrender or a letter of verification of incarceration issued pursuant to this Article releasing him from his obligation under the defendant's bond.
D. If during the six-month period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant's sureties produce to the court adequate proof of defendant's incarceration, or the officer originally charged with defendant's detention verifies the defendant's incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant's incarceration.
(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.
This court has recently explained that the defense of insufficient service pursuant to C.Cr.P. art. 344 must be brought within sixty days from the mailing of the notice of bond forfeiture. State v. Ainsworth, 04-177 (La.App. 5 Cir. 6/29/04), 878 So.2d 864. In the case before us, notice of judgment of bond forfeiture was mailed on June 10, 2003, the defense of insufficient service was brought on November 21, 2003. It is clearly untimely and cannot be used as a defense in these summary proceedings.
As to Bankers' argument on the defense of incarceration, we note that the motion to set aside the bond forfeiture was filed on November 21, 2003, and only gave one specific ground, that of insufficient service. The motion was not amended and the documentation showing that defendant was incarcerated from December 1, 2003 to December 4, 2003 was not presented to the court until the January 14, 2004 hearing on the motion. Thus, this defense was offered outside of the six-month period allowed by law. State v. Ainsworth, supra.
Because we find Bankers' motion to set aside was filed untimely as to insufficient service and the presentation of the defense of incarceration was offered outside of the six-month period, we will not discuss the merits of either defense. For the foregoing reasons we affirm the trial court's ruling, *1034 and assess costs of this appeal to Bankers.
AFFIRMED.