*55
 
 CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 Joseph Fall was arrested for possession of marijuana on April 13, 2006. On May-23, 2006, Fall was released from jail on a bond posted by agents of Financial Casualty & Surety, Inc. He was ordered to appear at an arraignment on May 30, 2006. The bond listed 308 Monzingo Richey Road in Waynesboro, Mississippi as his address.
 

 The arraignment was reset for July 12, 2006 and subpoenas were issued to Fall and A-l Unlimited, the bond agent. A-l Unlimited received personal service of the subpoena on June 2, 2006. The subpoena for Fall came back without a return.
 

 The arraignment was held on July 12, 2006. Fall did not appear. The State then moved for a bond forfeiture of the bond due to defendant’s failure to appear. Therefore, on July 12, 2006, trial court ordered that the bonds, in the aggregate amount of $17,750.00, be forfeited and entered judgment against A-l Unlimited and Financial Casualty & Surety, Inc., the surety. Certificates of Mailing Judgment of Bond Forfeiture indicate that notice of the judgment were mailed to Fall, A-l Unlimited, Financial Casualty & Surety and the District Attorney on ^August 9, 2006. The trial court record contains delivery confirmations from the United Postal Service indicating that A-l Unlimited received the notice on August 10, 2006 and Financial Casualty received notice on August 14, 2006.
 

 Financial Casualty & Surety, Inc. filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment on September 24, 2007. Financial Casualty argued it was entitled to an absolute nonenforceable nullity because there was no proof in the record that Fall was served with notice of the court date for which the bond forfeitures were granted, instead, the subpoena shows no return from the sheriff. Further, Financial Casualty argued there was no proof in the record that the surety was served with notice of the court date for which the bond forfeitures were granted.
 

 The trial court held a hearing on December 6, 2007 on the motion and on that same date granted the judgment in favor of Financial Casualty declaring the bond forfeitures rendered on July 12, 2006 in the aggregate amount of $17,750.00 be vacated, set aside, rescinded and declared to be an absolute nullity. The trial court also ordered that Financial Casualty be relieved of all further obligations under the original bonds. The State filed a Notice of Appeal on December 12, 2007. For the reasons set forth below, we affirm the trial court’s judgment.
 

 DISCUSSION
 

 In its Motion to Set Aside the Judgment of Bond Forfeiture and Petition for Nullity of Judgment, Financial Casualty argued there was no proof in the record that the defendant had been served with notice of the court date, therefore, the judgment of bond forfeiture was an absolute nullity. On appeal, the State asserts one assignment of error that the trial court erred in granting the Motion to Set Aside the Judgment of Bond Forfeiture and Petition for Nullity of Judgment because it was untimely.
 

 |4The State must strictly comply with the provisions of the statute regulating bond forfeiture before a judgment of forfeiture can be entered.
 
 State v. Cook,
 
 616 So.2d 272, (La.App. 2 Cir.1993), citing
 
 State v. Hathaway,
 
 403 So.2d 737 (La. 1981). LSA-R.S. 15:85 sets forth the procedure used for the forfeiture of bonds. The statute states, in pertinent part:
 

 
 *56
 
 All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
 

 (l)Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney, if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
 

 (5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
 

 Notice of the appearance date to defendant, the surety, and bondsman is governed by La.C.Cr.P. art. 344, which provides, in part:
 

 B. (1) When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant, or his duly appointed agent, and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be given written notice of the time, date, and place the principal is required to appear.
 

 |s(2) The notice may be delivered to the defendant or his duly appointed agent and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by United States first class mail to the defendant or his duly appointed agent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, at least three days prior to the day set for the appearance. The notice shall be mailed to the defendant or his duly appointed agent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety to the address designated pursuant to Article 322.
 

 LSA-C.C.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law. Therefore, the failure to serve defendant properly with process as required by law is a vice of form on which a bond forfeiture judgment may be nullified. LSA-C.C.P. art. 2002(A)(2).
 
 State v. Cook,
 
 616 So.2d 272, (La.App. 2 Cir.
 
 *57
 
 1993), citing
 
 State v. Bailey,
 
 567 So.2d 721 (La.App. 2 Cir.1990).
 

 In this case, subpoenas were issued to defendant, at the address listed on his bond, and the bond agent, A-l Unlimited, giving notice of the July 12, 2006 arraignment date. The record shows that A-l Unlimited received personal service of the subpoena on June 2, 2006. However, the subpoena for the defendant came back without a return. Thus, there is no evidence in the record to indicate the defendant actually received notice of the arraignment hearing date, in accordance with La.C.Cr.P. art. 344. As a result, we find the trial court correctly found the defendant had not been served with notice of the arraignment hearing and therefore, the judgment of bond forfeiture must be annulled.
 

 We also find the motion by Financial Casualty to be timely filed, even though the motion was filed more than sixty days after mailing of the notice of the judgment of bond forfeiture. The sixty-day period and the waiver provisions in LSA-R.S. 15:85 only apply to the assertion of a defense to the forfeiture and not to lathe surety’s action to annul a forfeiture judgment for vices of form under LSA-C.C.P. art.2001.
 
 State v. Cook, supra,
 
 citing
 
 State v. Bailey, supra.
 

 LSA-C.C.P. art. 2002(B) provides that an action to annul a judgment on the grounds listed in Article 2002(A), which includes failure to serve defendant with notice, may be brought at any time. The motion filed by Financial Casualty seeks to nullify the judgment of bond forfeiture because the defendant had not been served with notice of the court date. Therefore, this nullity action could be brought by Financial Casualty, pursuant to LSA-C.C.P. art.2002, at any time and the sixty-day period set forth in LSA-R.S. 15:85 does not apply.
 

 Accordingly, we affirm the trial court’s judgment granting the motion to set aside bond forfeiture.
 

 AFFIRMED.