FREDERICKA HOMBERG WICKER, Judge.
 

 |2This is a bail bond forfeiture proceeding in which the commercial surety Safety. National Casualty (“Safety”) filed a devol-utive appeal from a September 25, 2008 judgment denying its Amended Motion to Set Aside and Nullify the Judgment of Bond Forfeiture. For the foregoing reasons, we affirm the judgment of the trial court. We also remand this matter to the trial court for the correction of a minute entry in the record.
 

 FACTS AND PROCEDURAL HISTORY
 

 The defendant was arrested on January 27, 2005 and charged by a commissioner with one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80. That same day, Safety, through its agent A-Affordable Bail Bonds, posted a bond for the release of the defendant from the
 
 *174
 
 Jefferson Parish Correctional Center. The address listed on the bond was “6525 Parc Manor Drv., Metairie, LA.” There was no apartment number or designation listed on the bond.
 

 -On August 9, 2005, the defendant was charged by bill of information with one count of carnal knowledge of a juvenile. On August 11, 2005, a subpoena was issued for the purpose of compelling the defendant’s appearance at arraignment on August 31, 2005. The address listed on the subpoena was “6525 Parc Manor Drv. # 9, Metairie, LA.” The August 11 subpoena was the first subpoena in the instant case to list an apartment designation, however, there is no evidence in the record indicating that the defendant made a “written declaration changing the address” of his bond as required by La. C. Cr. P. art. 322. Personal service was affected on the defendant at “6525 Parc Manor Drv. # 9” on August 15, 2008. Personal service was affected on A-Affordable Bail Bonds on August 18, 2008. On August 29, 2005, Hurricane Katrina made landfall in Plaquemines Parish, rendering the previously scheduled arraignment impossible.
 

 On October 20, the trial court continued arraignment until November 22, 2005 due to the effects of Hurricane Katrina. No subpoena was issued to the defendant on October 20; the minutes from that day note “No Court due to Hurricane Katrina/Rita.” On November 22, at the request of the state, the trial court continued arraignment until January 4, 2006 due to lack of service. Another subpoena was issued the next day to ensure the defendant’s appearance at arraignment. The address listed on the November 23 subpoena was “6525 Parc Manor Drv. # 9, Me-tairie, LA.” The subpoena was returned without being served and was marked “vacant” by the process server.
 

 On January 4, 2006, the defendant failed to appear at arraignment. The state immediately motioned to forfeit the defendant’s bond. The trial court granted the motion and issued an attachment for the defendant’s arrest. On January 9, 2006, a Certificate of Mailing Judgment of Bond Forfeiture was mailed to the defendant, Safety, and A-Affordable Bail Bonds. The record indicates that A-Affordable Bail-Bonds received notice of bond forfeiture on January 11, 2006, that Safety National Casualty received notice of forfeiture on January 17, 2006, and that the notice of forfeiture was unclaimed as to the defendant.
 

 On August 28, 2006, Safety filed a Motion to Set Aside Bond Forfeiture And/Or for Extension of Time to Surrender Defendant (the “Motion to Set Aside Bond Forfeiture”). The Motion to Set Aside Bond Forfeiture came to hearing on October 4, 2006. The next day, the trial judge signed a judgment denying the Motion to Set Aside Bond Forfeiture, however, the trial judge also signed an order giving Safety until January 4, 2007 to return the defendant to court in satisfaction of its bond obligation. The October 4, 2006 minute entry is vague and makes it appear that the Motion to Set Aside Bond Forfeiture had been granted on that day, even though the trial court had apparently denied it. Accordingly, this matter must be remanded to correct the minute entry to make it clear that the Motion to Set Aside Bond Forfeiture was denied on October 4, 2006.
 

 Thereafter, Safety repeatedly requested extensions of time to produce the defendant. After numerous extensions and continuances, Safety filed an Amended Motion to Set Aside Bond Forfeiture and Incorporated Memorandum to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment (the “Amended Motion to Set Aside Bond Forfeiture”) on
 
 *175
 
 August 11, 2008. The Amended Motion to Set Aside Bond Forfeiture contended that “[t]here is no proof in the record of service on the defendant for the court date missed, such service being required by La.Rev. Stat. 15:85 to be introduced at the time of the rendering of the judgment of bond forfeiture.” The trial court denied the Amended Motion to Set Aside Bond Forfeiture on September 25, 2008. This timely appeal followed.
 

 ASSIGNMENT OF ERROR
 

 15Safety assigns a sole error to the proceedings below, namely that the trial court erred in denying the Amended Motion to Set Aside Bond Forfeiture. Safety contends that the state did not prove that the defendant was provided notice of the date for arraignment as required by La. 15:85(1).
 

 Bond forfeitures are not favored by law.
 
 State v. McLaurin,
 
 05-857 (La.App. 5 Cir. 3/28/06), 927 So.2d 570, 573. The state must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture.
 
 Id.
 
 La. R.S. 15:85 sets forth the statutory procedure for bond forfeiture proceedings.
 

 La. R.S. 15:85 provides that “[a]ll bonds taken to secure the appearance of any person before any court ... shall be forfeited and collected” according to legislatively mandated forfeiture procedures. La. R.S. 15:85(1) authorizes the trial judge to render judgment decreeing forfeiture of the bond under the following conditions:
 

 If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
 

 (emphasis added)
 

 La. C. Cr. P. art. 344 requires that “the defendant and his personal surety or the commercial surety or the agent or bondsman” be provided with “written notice of the time, date, and place the principal is required to appear.” La. C. Cr. P. art. 322 provides that “[t]he defendant when signing a bail bond shall write under his signature the address at which he resides.” That address is conclusively presumed to be the address “for all proceedings on the bond, until [the defendant] files in the | ^proceeding in which the bond was given a written declaration changing the address.” La. C. Cr. P. art. 322.
 

 Thus, before a bond can be forfeited, the state must produce evidence that the defendant was served with the notice of the forfeiture hearing at “the address at which he resides.” In the instant case, the defendant was not served with notice of the impending bond forfeiture hearing. The address listed on the defendant’s bond was “6525 Parc Manor Dr.” That address is therefore conclusively presumed to be the defendant’s address for proceedings on the bond unless a written declaration changing the address is filed in the record. If the state had attempted to serve the defendant at “6525 Parc Manor Dr.” without an apartment number, and the subpoena was returned marked “vacant,” bond forfeiture would have arguably been warranted.
 
 See, e.g., State v. Ainsworth,
 
 04-177 (La.App. 5 Cir. 6/29/04), 878 So.2d 864, 869 (finding that the state complied with the notice require
 
 *176
 
 ments of La. C. Cr. P. arts. 322 and 344 when the subpoena sent to the address provided by the defendant on his bond was marked “Moved, no forwarding address”). However, the state attempted to serve the defendant at “6525 Parc Manor Dr. # 9.” No “written declaration changing the address [provided by the defendant on the bond]” is extant in the record as required by La. C. Cr. P. art. 322. The state therefore sent the subpoena to the incorrect “address designated pursuant to Article 322” as required by La. C. Cr. P. art. 344(B)(2).
 

 That, however, does not end this Court’s inquiry. There are statutory limitations on the right of a defendant or surety to object to judgments of bond forfeiture. La. R.S. 15:85(5) provides:
 

 (5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary 17proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
 

 (emphasis added)
 

 Thus, a party seeking to set aside a bond forfeiture judgment must file a motion raising “defenses and actions in nullity by use of summary proceedings” within sixty days of the mailing of the notice of bond forfeiture. Only those defenses based upon La. C. Cr. P. art. 345 and La. R.S. 15:87 may be raised “within six months from mailing the notice of the signing of the judgment of bond forfeiture.” La. R.S. 15:87 A provides that the six month delay outlined in La. R.S. 15:85(5) applies when the defendant “has a physical disability, illness, or injury,” when the defendant “is being detained in the jail or penitentiary of another jurisdiction,” and when the defendant “is serving in the armed forces of the United States.” La. C. Cr. P. art. 345 provides that the six month delay applies when the surety “surrenders] the defendant or the defendant ... surrenders] himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond.” The defense of insufficient service to the defendant is not listed in La. C. Cr. P. art. 345 or La. R.S. 15:87.
 

 This Court has held on several occasions that the defense of insufficient service to the defendant pursuant to La. C. Cr. P. art. 344 must be brought within sixty days from the mailing of the notice of bond forfeiture, rather than six months from the mailing of the notice of bond forfeiture. See,
 
 e.g., State v. Ainsworth,
 
 04-177 (La.App. 5 Cir. 6/29/04), 878 So.2d 864.
 

 |,sFor example, in
 
 State v. Campbell,
 
 04-572 (La.App. 5 Cir. 11/16/04), 889 So.2d 1030, the defendant’s appearance bonds were forfeited on June 4, 2003 after she failed to make a scheduled court appearance. Notice of bond forfeiture was mailed to the defendant and her surety on June 10, 2003. The commercial surety
 
 *177
 
 filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment on December 8, 2003.
 
 Campbell,
 
 889 So.2d at 1031. The Motion alleged that judgments of bond forfeiture were absolute nullities because:
 

 a) There is no proof in the record that the defendant was served with notice of the court date for which the bond forfeiture was granted. LA Code Crim. Proc. Art. 344(b)(1) requires that such notice be provided. Absent such notice, under Art. 344(b)(4) the bond forfeiture is inappropriate;
 

 b) Notice of such is provided within six months from the date of the mailing of the notice of bond forfeiture; and
 

 c) For any and all other reasons which may be shown at the trial of this matter.
 

 Id.
 

 The trial court denied the Motion. This Court affirmed, noting:
 

 In the case before us, notice of judgment of bond forfeiture was mailed on June 10, 2003, the defense of insufficient service was brought on November 21, 2003. It is cleai’ly untimely and cannot be used as a defense ...
 

 Id.
 
 at 1033
 

 In the instant case, notice of the signing of the judgment of bond forfeiture was mailed on January 9, 2006. Safety filed its Motion to Set Aside Bond Forfeiture And/Or for Extension of Time to Surrender Defendant on August 28, 2006, 231 days after the mailing of the notice of bond forfeiture. Safety cannot take advantage of the defense of improper notice because the Motion to Set Aside Bond Forfeiture was not filed within the sixty day limit imposed by La. R.S. 15:85(5). On its face, Safety’s Motion to Set Aside Bond Forfeiture was untimely filed and this Court cannot therefore consider its merits.
 

 InWe also note that Safety cannot take advantage of the legislature’s extension of prescriptive deadlines due to Hurricane Katrina. La. R.S. 9:5824 B(l) permitted residents of certain parishes to file a “contradictory motion or declaratory judgment ... seeking an additional suspension and/or extension [of prescription].” However, the legislature also provided that [t]his limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006. Even if Safety had filed a motion pursuant to La. R.S. 9:5824 B(l), the latest day it could have done so was on June 1, 2006. If Safety had filed a La. R.S. 9:5824 B(l) motion on June 1, 2006, its Motion to Set Aside Bond Forfeiture would still be untimely because it would have been filed eighty-eight days after June 1, well beyond the sixty day limit imposed by La. R.S. 15:85(5).
 

 Accordingly, this assignment of error is without merit.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgnent of the trial court is affirmed. This matter is remanded to correct the October 4, 2006 minute entry. Costs to be paid by Safety.
 

 AFFIRMED; REMANDED.