79 So.3d 333 (2010)
STATE of Louisiana
v.
Demarco R. WASHINGTON.
No. 10-CA-353.
Court of Appeal of Louisiana, Fifth Circuit.
November 23, 2010.
Rehearing Granted for Limited Purpose February 7, 2011.
Paul D. Connick, Jr., District Attorney Terry M. Boudreaux, Thomas J. Butler, Brandon Kinnett, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
William Noland, Attorney at Law, Brandon, MS, for Surety/Appellant.
Panel composed of Judges MARION F. EDWARDS, FREDERICKA HOMBERG WICKER, and JUDE G. GRAVOIS.
JUDE G. GRAVOIS, Judge.
Appellant Safety National Casualty Corporation ("Safety") appeals the trial court's judgment that denied its Motion to Set Aside Judgment of Bond Forfeiture. For the following reasons, we affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND
The record reflects that the defendant, Demarco R. Washington, was charged on March 6, 2007 by bill of information with a violation of LSA-R.S. 14:95.1, felon in possession of a firearm. On October 9, 2007, Safety, through its agent, # 1 Bail Bonds, executed an appearance bond with Mr. Washington as principal. Mr. Washington failed to appear for a hearing as noticed on *334 May 27, 2008. On May 30, 2008, Mr. Washington appeared in court. At that hearing, the trial court reset Mr. Washington's case for trial on June 18, 2008. On May 30, 2008, both oral and written notice of the June 18, 2008 trial date was given to Mr. Washington.
On June 18, 2008, because Mr. Washington failed to appear in court, the trial court issued an attachment for his arrest. The State then moved in open court for forfeiture of Mr. Washington's bond. The matter was heard immediately, whereupon the trial court granted the bond forfeiture. A judgment to that effect was rendered and signed on that date. Notices of the signing of this judgment were mailed to all parties on June 24, 2008, per LSA-R.S. 15:85(3)(a).
More than four months later, on October 29, 2008, Safety filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. This motion was filed as a summary proceeding in Mr. Washington's criminal matter. This motion argued that Mr. Washington's failure to appear in court on May 27, 2008 required the State to issue a notice to the surety or its agent (Safety or # 1 Bail Bonds, respectively) for Mr. Washington's subsequent court date of June 18, 2008, as required by LSA-C.Cr.P. art. 344(B), and that the State had failed to issue such required notice to Safety or its agent. In an "amended" motion filed by Safety on December 3, 2008, Safety further argued that Mr. Washington failed to appear in court on June 18, 2008 because he was ill, a "nonforfeiture situation" under LSA-R.S. 15:87.
Safety's Motion to Set Aside was briefly argued before Judge Regan, the trial judge, on January 16, 2009, whereupon Judge Regan took the matter under advisement. On January 29, 2009, the parties again appeared before Judge Regan, who, in open court, orally denied Safety's Motion to Set Aside, ruling that the matter was "done properly." A written judgment to that effect was signed by Judge Rowan on April 17, 2009. A timely appeal followed, wherein this court vacated the April 17, 2009 judgment, finding it was an absolute nullity because it was signed by a different judge than the one who heard the argument, and remanded for the signing of a proper judgment.[1] A new judgment was signed by Judge Regan on January 5, 2010. This timely appeal followed.
On appeal, Safety argues that the trial court erred in finding that the State of Louisiana placed into evidence at the June 18, 2008 bond forfeiture hearing proper evidence of proof of notice to Safety, or to its Agent, for the June 18, 2008 court appearance date, as required by LSA-R.S. 15:85(1). Second, Safety argues that the trial court erred in denying the Motion to Set Aside Judgment of Bond Forfeiture because the judgment rendered on June 18, 2008 was a nullity pursuant to LSR.S. 15:85(1) and LSA-C.C.P. art.2002.

ANALYSIS
There are statutory limitations on the right of a defendant or surety to object to judgments of bond forfeiture. In particular, LSA-R.S. 15:85 provides, in pertinent part:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or *335 his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
* * *
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art.2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.

(Emphasis added.)
As this Court recently stated in State v. Curtis, 08-1262 (La.App. 5 Cir. 5/12/09), 15 So.3d 173, 176:
... [A] party seeking to set aside a bond forfeiture judgment must file a motion raising "defenses and actions in nullity by use of summary proceedings" within sixty days of the mailing of the notice of bond forfeiture. Only those defenses based upon La. C. Cr. P. art. 345 and La. R.S. 15:87 may be raised "within six months from mailing the notice of the signing of the judgment of bond forfeiture." La. R.S. 15:87 A provides that the six month delay outlined in La. R.S. 15:85(5) applies when the defendant "has a physical disability, illness, or injury," when the defendant "is being detained in the jail or penitentiary of another jurisdiction," and when the defendant "is serving in the armed forces of the United States." La. C. Cr. P. art. 345 provides that the six month delay applies when the surety "surrender[s] the defendant or the defendant ... surrenders] himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond." The defense of insufficient service to the defendant is not listed in La. C. Cr. P. art. 345 or La. R.S. 15:87.
This Court has held on several occasions that the defense of insufficient service to the defendant pursuant to La. C. Cr. P. art. 344 must be brought within sixty days from the mailing of the notice of bond forfeiture, rather than six months from the mailing of the notice of bond forfeiture. See, e.g., State v. Ainsworth, 04-177 (La.App. 5 Cir. 6/29/04), 878 So.2d 864.
In its Motion to Set Aside, Safety argued that it had not received service of the June 18, 2008 court date as required by law, a defense that Safety could only bring as a summary proceeding within 60 days of the mailing of the notice of judgment of bond forfeiture, as per LSA-R.S. 15:85(5).
In State v. Curtis, supra, this Court was faced with a very similar scenario on appeal. Therein, the trial court granted the State's motion to forfeit bond after the defendant failed to appear in court. Safety National Casualty filed a Motion to Set Aside Bond Forfeiture two hundred thirtyone days after the mailing of the notice of bond forfeiture. The trial court ruled against Safety, who then took an appeal to this court on the grounds of insufficient notice and service of the court date to the defendant. After finding that the State had in fact sent the subpoena to the wrong address and that the defendant had not *336 been properly served,[2] this Court went on, however, to note that Safety had brought its Motion to Set Aside Bond Forfeiture too late, as LSA-R.S. 15:85 required summary proceedings to be brought within 60 days of the mailing of the notice of bond forfeiture. Accordingly, this Court held that Safety could not take advantage of the defense of improper notice because the Motion to Set Aside Bond Forfeiture had not been filed within the sixty day limit imposed by LSA-R.S. 15:85. Because Safety's Motion was untimely, this Court was without authority to consider the merits, and affirmed the judgment in favor of the State, denying the Motion to Set Aside Bond Forfeiture.
The facts and reasoning of State v. Curtis compel the same result in this case. Though raised by neither party to this appeal, we find that Safety's Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment filed on October 29, 2008, more than four months after the mailing of the notice of bond forfeiture, as a summary proceeding within Mr. Washington's criminal proceeding, was untimely.
Safety cites State v. Fall, 08-295 (La. App. 5 Cir. 12/16/08), 3 So.3d 54, for the position that the motion to set aside on the grounds of nullity may be filed at any time pursuant to LSA-C .C.P. art.2002, and thus their Motion was timely. We find Fall distinguishable in that the meaning and applicability of the provisions of paragraph (9) of LSA-R.S. 15:85 were not addressed in that opinion. Nullity suits may indeed be brought after the sixty-day period found in LSA-R.S. 15:85(5), but only as ordinary civil proceedings. See State v. Berry, 29,359 (La.App. 2 Cir. 4/2/97), 691 So.2d 375.
We note that Safety filed an Amended Motion on December 3, 2008, additionally alleging that Washington was "ill" on the June 18, 2008 court date, a "non-forfeiture" situation under LSA-R.S. 15:87 that, according to LSA-R.S. 15:85, may be brought as a summary proceeding within six months of from the mailing of the notice of the signing of the judgment of bond forfeiture. However, at the two hearings on the Motion and the Amended Motion held on January 16 and January 29, 2009, Safety failed to argue that ground or produce any evidence supporting it, and additionally has not briefed it here. Accordingly, Safety abandoned that motion, and its filing date does not serve to make the original Motion to Set Aside timely.
Because Safety's Motion to Set Aside Judgment of Bond Forfeiture was untimely, this Court is without authority to consider the merits of Safety's appeal. Accordingly, we affirm the trial court's judgment denying Safety's Motion to Set Aside Judgment of Bond Forfeiture.
AFFIRMED

REHEARING GRANTED
IT IS HEREBY ORDERED that appellant's Application for Rehearing is granted for the limited purpose of changing the closing paragraph of the opinion issued on November 23, 2010 to delete the first sentence thereof, and to read as follows:
For the reasons set forth above, we affirm the trial court's judgment denying Safety's Motion to Set Aside Judgment of Bond Forfeiture.
NOTES
[1] State v. Washington, 09-618 (La.App. 5 Cir. 12/29/09), 30 So.3d 856.
[2] Whether the State introduced proper evidence of the service was apparently not an issue in State v. Curtis, as evidenced by the opinion's lack of discussion on that topic.