Judge Regina Bartholomew-Woods
| -[Appellants, BailBonds.com and Financial Casualty and Surety, Inc., are sureties on a bond signed by Defendant, Alton Grayson. They appeal the May 2, 2016 judgment of the trial court denying their petition for nullity, which alleged the court’s previous grant of a judgment of bond forfeiture was null for vice of form. Appellants seek relief in the form of setting aside the bond forfeiture and release of all obligations under the bond. For the reasons that follow, we affirm the ruling of the trial court.

BACKGROUND

Defendant was arrested on May 10, 2014, in St. Bernard Parish. With Appellants as surety, Defendant posted a bail bond on May 13, 2014, in the amount of $7,500.00. The court scheduled arraignment for August 13, 2014. However, Defendant was incarcerated in Jefferson Parish prior to arraignment and failed to appear on August 13, 2014, resulting in a warrant and a judgment of bond forfeiture. The trial court signed the judgment on August 15, 2014, and it was mailed September 8, 2014.
|aOn March 10, 2016, Appellants intervened and filed a petition for nullity seeking to set aside the bond forfeiture based on Defendant’s incarceration in another parish, which the trial court denied.
Appellants submit the trial court’s judgment of forfeiture is null for vice of form under La.C.C.P. Art. 2002(A)(2), which provides, “[a] final judgment shall be annulled if it is rendered ... [ajgainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.” Appellants, emphasizing the latter portion of this article, suggest Defendant’s incarceration in another parish prevented the trial court from taking a valid judgment by default, rendering the judgment of bond forfeiture null for vice of form.
Appellants argue their failure to assert a defense pursuant to La.C.Cr.P. Art. 349.9, or a “nonforfeiture” defense, within the 180-day period provided for in La.C.Cr.P. Arts. 349.5(B) and 349.9 does not operate to permanently bar requesting that the judgment be set aside.[1] In support, Appellants cite a number of cases in which bond forfeitures were declared absolute nullities, such as in cases of improper service. Appellants cite to La.C.Cr.P. Art. 349.5(A)(2), which authorizes nullity actions by the use of ordinary civil proceedings, which they assert was done here.
Appellants additionally note they complied with the requirements of La.C.Cr.P. Art. 345, which requires that a “defendant’s sureties pay ... the treasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return.”
Appellants argue the State failed to file any response, opposition, answer, or exception to their petition, though the State did appear at the scheduled hearing to oppose the petition orally. They suggest La.C.C.P. Art. 1001, requiring a written answer to a petition within fifteen days of service, applied. Appellants also take the *107 position that Rule 9.9 of the Rules for Civil Proceedings in District Courts, relative to opposition memoranda to exceptions and motions, is also applicable. Accordingly, Appellants submit they were prejudiced by the State’s failure to provide notice of its opposition such that a response could be prepared by the time of the hearing. On a final note, Appellants assert the trial court refused to consider additional points of law they wished to make on the record.
The State responds that Appellants have not timely sought relief pursuant to La. C.Cr.P. Arts. 345 and 349.9. The State submits the code articles required Appellants to file a motion to set aside the judgment of bond forfeiture within one hundred eighty days after notice of the mailing of the judgment, or March 7, 2015. The State further submits Appellants never served them with the petition for nullity, but that it nevertheless appeared for the hearing after being “informally notified.”
The State takes the position that the trial court’s judgment of bond forfeiture, though rendered without the knowledge of Defendant’s incarceration in another parish, contains no vice of form. Accordingly, the State asserts that Appellant’s argument regarding the judgment being an “absolute nullity” is without merit.
The State first notes that Appellants were entitled to relief under La.C.Cr.P. Art. 349.9(C), but only to the extent that they filed their motion, to set aside “within Done hundred eighty days after the date of the mailing of the notice of the signing of the judgment of bond forfeiture[.]” However, the State disputes Appellants’ contention that such a “nonforfeiture” situation gives rise to a nullity. From the State’s point of view, La.C.Cr.P. Art. 349.9 simply allows a judgment to be set aside only under specific circumstances. It suggests that nonforfeiture situations “do not reflect any error on the part of the State or any vice of form” and instead reflect “seemingly justifiable reasons for failing to appear, provided that the reason is timely presented to the Court and State.”
The State similarly acknowledges Appellants may have been entitled to relief pursuant to La.C.Cr.P. Art. 345(D). However, the State again argues relief was only available until March 7, 2015, and that Appellants, as a precondition to relief, were required to file a motion and pay the reasonable costs of returning Defendant to the parish.
Additionally, the State asserts that because the articles in question required Appellants to file an ordinary civil suit, the action should have been filed in civil district court, and not in the underlying criminal action.[2]
Appellants, in their reply, note that the relevant articles should be construed liberally in favor of the surety. They suggest the State’s position would impose the strictest interpretation possible, no matter the circumstances, and note that the State itself admits it did not begin to enforce the articles .until almost a year after their rights expired. Appellants suggest the interests of justice are not served “by suddenly and without warning imposing strict requirements on [their] rights to set aside a bond forfeiture.” Lastly, Appellants urge this Court to find that “under pthese circumstances,” and despite the lack of jurisprudential support therefore, the trial court’s judgment of bond forfeiture was an absolute nullity due to Defendant’s absence as a result of his incarceration outside the parish.

*108
LAW AND ANALYSIS

We start by noting the well-established jurisprudence on bond forfeitures, set forth by this court in State v. Nellon, 12-1429, p. 5 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118:
Bond forfeitures are not favored in Louisiana. State v. Brown, 11-0804, p. 2 (La.App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290 (citing Bankers Ins. Co. v. State, 37,080, p. 3 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644.) The purpose of a criminal bail bond is to ensure that the accused will appear at all stages of the criminal proceedings against him. Criminal bail bonds are contractual and, therefore, civil in nature. La. R.S. 15:83(A). The implementation of criminal bail bonds, however, is governed by both civil and criminal Louisiana law. Id. When entering into a criminal bail bond obligation on behalf of a defendant, a surety assumes those risks that are reasonably foreseeable. La. R.S. 15:83(B).
The main issue to be decided by this court is whether a defendant’s absence at arraignment due to his incarceration in another parish, and subsequent judgment of bond forfeiture as a result thereof, constitutes an “absolute nullity.”
In support of their contention that the trial court’s judgment of bond forfeiture was indeed an absolute nullity, Appellants cite two cases. The first case is State v. Posey, 550 So.2d 1368 (La.App. 5 Cir. 1989), writ granted, judgment rev’d, 556 So.2d 836 (La. 1990). However, the Louisiana Supreme Court reversed the holding in that case. State v. Posey, 556 So.2d 836, 836 (La. 1990).
The second case is State v. Fall, 08-295 (La.App. 5 Cir. 12/16/08), 3 So.3d 54. In Fall, the Fifth Circuit held “the trial court correctly found the defendant had not been served with notice of the arraignment hearing and therefore, the judgment |fiof bond forfeiture must be annulled.” Id. at 57. Indeed, the court noted that “the failure to serve defendant properly with process as required by law is a vice of form on which a bond forfeiture judgment may be nullified.” Id. at 56.
Here, Appellants attempt to equate the facts of this case to those cases relied upon, which involved defects in service of process. The Civil Code makes clear that lack of service of process is undeniably a vice of form warranting annulment. La. C.C.P. Art. 2002(A)(2). However, it is not the lack of service of process that Appellants argue is the basis for annulment here, but rather the trial court’s inability to take a “valid judgment of default” against the Defendant due to his incarceration outside the parish. Id.
The Louisiana Supreme Court has held that, “[i]n ascertaining the true meaning of a word, phrase, or section of a statute, the act as a whole must be considered.” Anderson v. Ochsner Health Sys., 13-2970, p. 4 (La. 7/1/14), 172 So.3d 579, 581. We find that reasoning instructive here, as the parties dispute the applicability of La. C.Cr.P. Art. 349.5. On the one hand, if the judgment of bond forfeiture was indeed an absolute nullity, La.C.Cr.P. Art. 349.5 would apply, which would permit a party to bring a nullity for vice of form “at any time.”[3] La.C.Cr.P. Art. 349.5; La.C.C.P. Art. 2002(B). However, if the State’s argument were to prevail, only La.C.Cr.P. Arts. 345 and 349.9 would apply, both of which impose a one hundred eighty day time limit within which to file a motion to set aside the judgment.
*109 Article 349.9 is entitled “Nonforfeiture situations.” Most significant to this court, when considering the bond forfeiture articles as a whole, is that article 349.9 17specifically provides that a bond forfeiture should not be rendered if the defendant “is prevented from attending because ... [h]e is being detained in the jail or penitentiary of another jurisdiction.” In such a “nonforfeiture situation,” the same article provides a remedy. That is,
[I]f the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within one hundred eighty days after the date of the mailing of notice of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for any cause enumerated in this Article, the court shall declare the judgment of bond forfeiture null and void.
La.C.Cr.P. Art. 349.9. Thus, according to the nonforfeiture situation article, a party must file a motion to set aside. Reading this clause in the context of the bond forfeiture articles as a whole, if a defendant failed to appear and a bond is forfeited because he or she was incarcerated in another jurisdiction, there already existed a specific remedy via La.C.Cr.P. Art. 349.9. Hence, there was no need to resort to La.C.Cr.P. Art. 349.5(A)(1)-(2) to declare the judgment an “absolute nullity.”

CONCLUSION

Despite Appellants’ urging, we decline to equate this case with those in which a bond forfeiture was declared to be an absolute nullity based on vices of form such as lack of service. Indeed, the legislature specifically contemplated the situation in which a defendant would fail to appear due to his or her incarceration in another jurisdiction, and specifically provided a remedy via motion to set aside. The judgment of the trial court is affirmed.
AFFIRMED

. The provisions of the Code of Criminal Procedure discussed in this appeal, notably articles 345, 349.5, and 349.9, were repealed by the legislature effective January 1, 2017. 2016 La. Acts No. 613 (§ 4). However, at all times relevant to this appeal, these provisions were in effect and applicable.

. It should also be noted that, under some circumstances not applicable here, the action may be filed in the underlying criminal action.

. Under the now-repealed La.C.Cr.P. Art. 349.5, nullity actions brought within sixty days of the mailing of the notice of judgment could have been brought summarily, whereas all others were required to be brought by the use of ordinary civil proceedings.