499 So.2d 1275 (1986)
STATE of Louisiana
v.
Cranford WHEELER (In Re South Central Insurance Company).
No. K-5293.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Writ Granted February 20, 1987.
*1276 Graymond F. Martin, Smith, Martin, Blackburn & Ware, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for appellee.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
After considering all of the relevant facts we originally decided that as a matter of law relator was not entitled to relief. After providing the reasons for our decision, we denied relator's application for writs. The supreme court, however, without providing any reason, granted relator's application for writs and remanded the matter to this court for "briefing, argument and opinion." 493 So.2d 627. In compliance with that order the writ application was set for additional briefing and oral argument. After considering the briefs and arguments of counsel, we affirm the ruling of the district court.
By bill of information filed July 31, 1984, the district attorney charged defendant Crawford S. Wheeler with violating La.R.S. 32:705, a misdemeanor. The court set bail at $2,000. Arraignment was scheduled for August 9, 1984.
On August 1, 1984, South Central Insurance Company, relator, filed a $2,000 commercial surety bond securing defendant's release on bail. Defendant did not appear in court for his arraignment on August 9, 1984. On that date, the court issued a $5,000 alias capias for defendant's arrest and set a bond forfeiture hearing for August 31, 1984. The hearing was rescheduled and on September 12, 1984, when defendant again failed to appear the court *1277 ordered the bond forfeited. The Clerk of Court filed into the record an Affidavit verifying that Notice of Bond Forfeiture had been mailed to the surety on October 11, 1984.
On December 11, 1984, defendant appeared in court attended by counsel and pleaded not guilty. The court recalled the alias capias and "rescinded" the September 12, 1984, judgment of bond forfeiture.
Defendant did not appear in Court on the date set for trial. The court issued another alias capias. The court scheduled a status hearing, and on May 28, 1985, when defendant did not appear, the court ordered the bond forfeited. The clerk mailed notice of the forfeiture on June 7, 1985.
On December 16, 1985, South Central filed in the district court a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. On February 4, 1986, the trial court denied South Central's motion. Relator applied to this court for review. In an opinion handed down on March 27, 1986, this court denied the application. As noted above, the supreme court granted writs and remanded the matter to this court to be resolved again.
Relator's arguments focus upon the characteristics of its surety undertaking as a civil contract creating civil obligations. As a surety on a court appearance bond (La. R.S. 15:88) relator's undertaking is governed in particular by the applicable provisions of the Louisiana Code of Criminal Procedure and Title 15 of the Louisiana Revised Statutes. In general the surety contract is civil in nature; in particular, as a court appearance bond, it must comply with the rules and conform to the obligations provided in the Code of Criminal Procedure and its Title 15 ancillaries. See La.C.Cr.P. Arts. 311-343 and La.R.S. 15:81-89.
Relator argues first that when the bond was initially forfeited because defendant failed to appear, the bond was "merged" into the judgment and ceased to exist as a separate entity. And, that when the judgment of bond forfeiture was rescinded, all of relator's obligations under the bond were extinguished. Relator compares its situation to one in which a civil obligation is brought to judgment and thereafter the judgment is the obligation.
A judgment forfeiting an appearance bond is not an ordinary judgment on a civil obligation. After bail is set for a criminal defendant, La.C.Cr.P. Arts. 311-322, that defendant may obtain his release from custody by posting a bond in the amount of his bail. A surety company authorized to do business in the State of Louisiana may become surety for the release of the defendant on bail. La.C.Cr.P. Art. 323. To obtain the defendant's release the surety company posts a bail bond wherein it agrees to be liable for the amount of defendant's bail should defendant fail to appear as required. Should defendant fail to appear as required, the bond posted in satisfaction of defendant's bail is subject to forfeiture. La.R.S. 15:85 A.(1). A judgment forfeiting an appearance bond is subject to rescission or being set aside if within sixty days of the mailing of notice of forfeiture defendant (a) is surrendered (La. C.Cr.P. Arts. 338 and 339), (b) appears and is tried and convicted or acquitted, or (c) appears and thereafter a continuance is granted upon motion of the district attorney. La.R.S. 15:85 A.(3). The judgment, therefore, is not like an ordinary judgment, but is a judgment subject to a resolutory condition.
When the bond is forfeited, defendant no longer has his bail satisfied and is subject to return to custody. Further, judgment in the amount of the bond is rendered against defendant and his surety in solido. If, however, the judgment of forfeiture is rescinded or set aside, then defendant's bail is satisfied, he remains free on that bail, and both defendant and the surety are returned to their original positions as if the bond had never been forfeited. A ruling rescinding or setting aside a judgment of bond forfeiture does not cancel the bond or the obligations of those parties liable on the bond; it reinstates the bond by removing it from the ranks of the forfeited.
*1278 Relator argues next that after defendant's appearance, his release by the court was a new agreement to which relator was not a party and so cannot be liable for any breach. When defendant appeared in court the judge recalled the capias, rescinded the judgment forfeiting the bond and eventually admitted defendant to his original bail which remained satisfied by the reinstated bond. There was no new agreement, relator's obligations remained unchanged.
For the same reasons relator's next argument also fails, that the court extended the terms and released the principal thereby releasing the surety. Upon defendant's appearance the court did not extend the terms or release the principal-defendant. Defendant's appearance permitted the court to set aside the judgment forfeiting the bond, thereby returning all parties to their positions before the bond was forfeited. No terms were extended, no new obligations were imposed, no one was released.
As its final contention relator argues that it should have been exonerated from its liability on the bond because of defendant's appearance or "self-surrender." Exoneration of the surety is in order "when the defendant has been surrendered in conformity with Article 338 or a letter of verification of incarceration has been issued to the surety as provided for in Article 338." La.C.Cr.P. Art. 339. Defendant was not surrendered in conformity with Article 338. Defendant appeared in court, apparently of his own volition; he was not surrendered, nor did he surrender himself "to the officer charged with his detention." We note also that if a "surrender" of the defendant had resulted from the court ordered capias, Article 338 would not apply to exonerate relator. La.C.Cr.P. Art. 338 F. Relator did not satisfy the prerequisites for its exoneration as provided by the Code of Criminal Procedure.
The occasion of defendant's appearance permitted the district court to properly rescind the judgment of bond forfeiture. The ruling rescinding the judgment of bond forfeiture reinstated the bond and all parties to their positions prior to the forfeiture as if the forfeiture had never occurred. The surety took no steps to exonerate itself from its liability on the bond. Relator, therefore, remained liable on the bond. When defendant subsequently failed to appear, the district court properly forfeited the bond. Relator has not provided any reason why the judgment of forfeiture should be annulled or set aside. Accordingly, the judgment of the district court is affirmed.
AFFIRMED.