843 So.2d 641 (2003)
BANKERS INSURANCE COMPANY, Plaintiff-Appellee,
v.
STATE of Louisiana, Defendant-Appellant.
No. 37,080-CA.
Court of Appeal of Louisiana, Second Circuit.
April 11, 2003.
*642 Richard Ieyoub, Attorney General, for Appellant.
Jerry Jones, District Attorney, Cynthia P. Lavespere, Assistant District Attorney, William Noland, for Appellee.
Before GASKINS, MOORE and KOSTELKA (Pro Tempore), JJ.
GASKINS, J.
The State of Louisiana appeals from a trial court judgment granting a petition for nullity of judgment on a bond forfeiture. The state contends that the trial court erred in not dismissing the petition on the basis of prescription. For the reasons set forth below, we reverse.

FACTS
David Leslie Methvin was charged with felony theft in a criminal case in the Fourth Judicial District in Ouachita Parish. On or about April 11, 1994, Bankers Insurance Company, through its bondsman, Affordable Bonding, obtained Methvin's release on a $3,500 bond. The bond contract required Methvin to appear in court on April 27, 1994, and to appear in court thereafter until discharged by law.
Methvin failed to appear in court on April 27, 1994, but no bench warrant was issued. The transcript indicates that his attorney called the prosecutor about confusion as to the court date.[1] The prosecutor *643 stated he would like to call Methvin on bond, reset arraignment for May 4, 1994, and reserve the right to take a judgment on that date if Methvin failed to appear.
On April 28, 1994, the trial court signed an order setting May 4, 1994, for arraignment and determination of counsel with notice being sent to Methvin and his defense counsel, Michael Courteau. On April 29, 1994, the district attorney's office apparently mailed copies of the notice to Methvin, Mr. Courteau and Affordable Bonding. The sheriff's office was unable to locate Methvin to actually serve the notice on him.
On May 4, 1994, Methvin failed to appear in court. That same day, the court rendered a judgment of bond forfeiture and ordered that a bench warrant be issued. A written judgment was signed on May 13, 1994; it stated that the bond forfeiture was based on the failure to appear May 4, 1994. The judgment also specified that the state offered "proper evidence" as to the defendant and the surety being notified as required by law.
On February 22, 2001, the state requested payment of the judgment by Bankers Insurance Company.
On June 4, 2001, Bankers Insurance Company filed a petition for nullity of judgment of bond forfeiture. It asserted that when Methvin failed to appear on April 27, 1994, the provisions of La. C. Cr. P. art. 344(B)(3) requiring notice to the agent or bondsman of the new appearance date were triggered. It further contends that under La. R.S. 15:85(1), the state was required to introduce into evidence at the May 4, 1994 bond forfeiture hearing notice to the criminal defendant and to the surety under La. C. Cr. P. art. 344(B)(3). Due to the failure to introduce such notice as pertained to the surety or its agent or bondsman, Bankers Insurance Company brought a nullity action pursuant to La. R.S. 15:85(9) and La. C.C.P. art.2001, et seq.
The state filed an exception of prescription. While conceding that notice to the bondsman of the May 4, 1994 court date was not filed into evidence at the time the bond forfeiture was ordered on May 4, 1994, the state asserted that the bondsman did, in fact, receive notice as required by law and that proof of that notice was attached to the bond forfeiture judgment when it was submitted for the judge's signature. Bankers Insurance Company filed an opposition. It claimed that the state's pleading asserted a defense but did not set out an exception of prescription. On March 5, 2002, the trial court signed an order denying the state's exception of prescription.
On August 30, 2002, the state filed an answer. While admitting that notice to the surety or its agent or bondsman was not admitted at the hearing, the state again asserted that notice was sent to the surety and that proof of notice to the surety was attached to the bond forfeiture judgment when it was submitted to the judge for signature.
The matter was argued and submitted at a hearing on August 30, 2002. The parties stipulated that the state did not introduce evidence of proof of notice to the bondsman at the time of the bond forfeiture hearing on May 4, 1994. On September 27, 2002, the trial court ruled in favor of Bankers Insurance Company, finding that the requirements of La. R.S. 15:85 were not fulfilled by the state.
The state appeals.

*644 LAW
The general rule is that bond forfeitures are not favored. State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990).
A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules set forth in the Code of Criminal Procedure. State v. Likens, 577 So.2d 285 (La.App. 3d Cir.1991), writ denied, 580 So.2d 386 (La.1991).
In order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of the statutory provisions regulating bond forfeitures. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Hathaway, 403 So.2d 737 (La.1981); State v. Bailey, supra.
La. R.S. 15:85 provides, in relevant part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
. . . .
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture....
(6) Appeals. (a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture....
. . . .
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
In pertinent part, La. C. Cr. P. art. 344 stated:
B.... If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.[2]
Proof of notice is essential before a bond can be forfeited. State v. Holloway, 28,901 (La.App.2d Cir.12/11/96), 684 So.2d 1068.
The action for nullity is provided for in the Louisiana Code of Civil Procedure by Articles 2001, et seq. It is available with respect to bond forfeiture judgments. State v. Likens, supra.
Judgments can be attacked on the grounds that they are absolutely null under the provisions of La. C.C.P. art.2002 (vices of form) or relatively null as provided by La. C.C.P. art.2004 (vices of substance). *645 State v. Bailey, supra. Failure to properly serve a defendant with process as required by law is a vice of form upon which a judgment can be nullified. La. C.C.P. art. 2002(A)(2). State v. Cook, 616 So.2d 272 (La.App. 2d Cir.1993). An action to annul a judgment due to vices of form may be brought at any time. La. C.C.P. art. 2002(B).

DISCUSSION
The state contends that the surety's claim, which was filed seven years after the bond forfeiture, was prescribed.[3]
Bankers argues that the jurisprudence requires that the state strictly comply with the bond forfeiture statute and that the state's failure to introduce into evidence at the May 4, 1994, hearing any evidence of notice to the surety subjects the ensuing bond forfeiture judgment to being set aside as a nullity.
Our consideration of this matter begins with a review of Bankers' carefully drafted petition for nullity. It is apparent that Bankers was seeking to have the seven-year-old bond forfeiture judgment declared a nullity under La. C.C.P. art.2002, since such an action could be brought at any time.[4] However, the petition does not allege the presence of any of the exclusive grounds for a nullity action under La. C.C.P. art.2002, including failure to serve a defendant with process as required by law. While Bankers alleged that proof of notice to the surety was not introduced into evidence at the bond forfeiture hearing as required by La. R.S. 15:85, it failed to allege that such notice of the May 4, 1994, court date was not given. (During arguments before the trial court, counsel for Bankers candidly referred to the letter to the bondsman as "[a] document which issued and which probably was sent to the agent timely.")
The vices of form found in La. C.C.P. art.2002 sound of due process violations. Failure to make adequate notification is a due process violation and makes a judgment subject to nullification. Failure to present evidence of notification, however, when notification has been made, is manifest error, but not a due process violation. Had this matter been addressed in a timely summary proceeding under La. R.S. 15:85(5) or in an appeal, Bankers would be successful in arguing that La. R.S. 15:85 was not followed. Here, where the error was one of statutory noncompliance, the vice did not rise to the constitutional level of due process and, consequently, nullification was not an available remedy. See State Through DOTD v. Knight, 93-767, p. 3 (La.App. 3d Cir.2/2/94); 631 So.2d 714, 715-716, writ denied, 94-0571 (La.4/22/94), 637 So.2d 161, and Gunter v. Moore, XXXX-XXXX, p. 7 (La.App. 3d Cir.2/5/03), 838 So.2d 118, 123.
Examination of other actions for nullity in bond forfeiture cases indicates that there were at least allegationsif not actual evidencethat no notice was sent. See State v. Bailey, supra ("On May 13, 1988, Ralph's Bail Bonds, agent for the surety, filed a motion to set the bond forfeiture aside, alleging that notice to the surety as required by La. C. Cr. P. Article *646 337 was not given...."); State v. Bailey, supra ("Bankers appealed arguing that the State failed to send the notice required by La. C. Cr. P. art. 344(B)(3), and that the State failed to introduce the proper evidence at the forfeiture hearing as required by LSA-R.S. 15:85(1).... The record does not contain any evidence of notice sent by the State to Bankers that would meet the requirements of La. C. Cr. P. art. 344(B)(3)"). However, see and compare State v. Likens, supra.
We find that since Bankers failed to allege that it "has not been served with process as required by law," its nullity suit was not properly brought under La. C.C.P. art.2002. Consequently, we reverse the judgment of nullity in Bankers' favor and find that the bond forfeiture judgment is valid.

CONCLUSION
The judgment of the trial court is reversed. Costs are assessed against the appellee.
REVERSED.
NOTES
[1] Although the record indicates that an attorney named Michael Courteau was appointed to represent Methvin, the attorney who called the prosecutor was from Mississippi and had not yet enrolled.
[2] Although La. C. Cr. P. art. 344 (formerly art. 337) has been amended since May 1994, the law in effect at the time of the bond forfeitures applies. State v. Adkins, 613 So.2d 164 (La.1993).
[3] The state further argues that while the proof of notice to the bondsman was not introduced into evidence at the bond forfeiture hearing, it was attached to the bond forfeiture judgment when it was presented to the judge for signing on May 13, 1994. However, the record is devoid of any evidence supporting this contention and we cannot rely solely on an argument presented in brief for factual information. State v. Holloway, supra.
[4] An action to annul a judgment obtained by fraud or ill practices under La. C.C.P. art. 2004 must be brought within one year of the discovery of the fraud or ill practices.