TERRI F. LOVE, Judge.
1 |In this appeal, Bankers Insurance Co. (Bankers) seeks review of the judgment of the trial court denying its motion to set aside bond forfeiture. For the following reasons, we reverse.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The police arrested Christopher Brown on October 13, 2009. On October 16, 2009, Bankers posted a commercial surety bond to secure the appearance of Mr. Brown in court. Mr. Brown failed to appear in court on November 19, 2009, for a hearing on motions. In open court, the judge ordered forfeiture of the bond posted by Bankers, though no written judgment was signed. On November 20, 2009, Mr. Brown appeared in court, and his case was reset to February 10, 2010. On February 10, 2010, Mr. Brown failed to appear in court. Upon the request of the State, the judge again ordered forfeiture of the bond posted by Bankers, though no written judgment was signed.
Later, the prosecuting attorney reset the matter for a status conference to be held on April 21, 2010. Mr. Brown failed to appear. On April 30, 2010, the prosecuting attorney requested that the matter be set for a bond forfeiture hearing. A hearing was set for May 17, 2010. On May 17, 2010, the prosecuting attorney 12again requested forfeiture of the bond posted by Bankers. In open court, the judge ordered forfeiture of the bond. On May 17, 2010, the judge also signed a written judgment ordering forfeiture of *1290 the bond. On June 4, 2010, the deputy-clerk for the criminal district court issued an affidavit of bond forfeiture notification to Bankers.
Bankers filed a motion to set aside bond forfeiture. After oral argument on the motion, the court denied the motion to set aside bond forfeiture. From that judgment, Bankers filed the instant appeal.

BOND FORFEITURE

Bond forfeitures are not favored. Bankers Ins. Co. v. State, 37,080, p. 3 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644. The obligations created by an appearance bond are civil in nature, but they are subject to special rules. Id. The State must strictly comply with the special rules regarding bond forfeitures to obtain a judgment of bond forfeiture against a surety. Id., p. 4, 843 So.2d at 644. At the time the judgment of bond forfeiture was entered, La. R.S. 15:85[1] provided in pertinent part:
(3) Notice of judgment.
(a)After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment of bond forfeiture shall be mailed by the United States certified mail with return receipt to all of the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv)The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
[[Image here]]
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant’s failure to appear shall release the sureties of any obligations under the bond.
The purpose of the bond forfeiture statute, La. R.S. 15:85, “is to shield the surety from prejudice brought about by the delay in learning of the defendant’s failure to appear.” State v. Williams, 07-648, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 154, 157-158, citing State v. Gibson, 04-0591 (La.App. 1 Cir. 3/24/05), 907 So.2d 82, 85, n. 3.
Bankers argues the clerk of court failed to mail notice of the judgment entered on November 19, 2009, within sixty days after Mr. Brown’s failure to appear. Thus, Bankers concludes that any obligation under the bond has been released pursuant to La. R.S. 15:85. Bankers further notes that Mr. Brown failed to appear on February 10, 2010, and again, the court ordered the bond forfeited and the clerk of court failed to mail notice of the judgment within sixty days of the nonappearance by Mr. Brown.
In support of its argument, Bankers cited this Court’s decision in State v. Polk, 96-1785, 96-1788 (La.App. 4 Cir. 1/29/97), *1291 688 So.2d 191. Therein, this Court noted that the State is not required to move for forfeiture every time the defendant fails to appear or on the date the defendant fails to appear. Id., p. 3, 688 So.2d at 192. However, the Court concluded that “the forfeiture process must still be completed within sixty days of the defendant’s failure to appear at a required court appearance.” Id., p. 3-4, 688 So.2d at 193. The State argued that the defendant failed to appear at the bond forfeiture hearing, but the court concluded |4that the defendant’s presence was not required at the bond forfeiture hearing. Id. Bankers notes that a similar result was reached in State v. Williams, 2007-648, p. 9 (La.App. 5 Cir. 1/22/08), 977 So.2d 154, 159, wherein the Williams court cited Polk with approval.
On the other hand, the State argues that the appearance by Mr. Brown on November 20, 2009, served to set aside the judgment of bond forfeiture by operation of law. Thus, the State concludes that no notice of the judgment of bond forfeiture was required to be sent to .Bankers at that time. The State points to the bond forfeiture provision which provides that “the appearance of the defendant shall operate as a satisfaction of the judgment.” La. R.S. 15:85(10)(a). The State also cites this Court’s decision in State v. Wheeler, 499 So.2d 1275 (La.App. 4 Cir.1986), wherein this Court stated that:
If, however, the judgment of forfeiture is rescinded or set aside, then defendant’s bail is satisfied, he remains free on that bail, and both defendant and the surety are returned to their original positions as if the bond had never been forfeited. A ruling rescinding or setting aside a judgment of bond forfeiture does not cancel the bond or the obligations of those parties liable on the bond; it reinstates the bond by removing it from the ranks of the forfeited.
Id., 499 So.2d at 1277.
We agree with the State’s argument that the appearance of Mr. Brown on November 20, 2009, operated to rescind or set aside the judgment of bond forfeiture entered on November 19, 2009, and that no notice was required to be sent to Bankers at that time. The bond was reinstated following Mr. Brown’s appearance on November 20, 2009. However, the State again requested that a judgment of bond forfeiture be granted when Mr. Brown failed to appear on February 10, 2010. The February 10, 2010 transcript reveals that the court granted | sthe motion by the State and ordered the forfeiture of the bond. The State had sixty days from February 10, 2010, to complete the bond forfeiture proceeding. No written judgment was obtained, and no notice was mailed out within sixty days of February 10, 2010. Thus, the State failed to complete the bond forfeiture proceeding within sixty days of Mr. Brown’s failure to appear. Prompt notice enhances the possibility that the surety will locate and surrender the defendant. The purpose of the bond forfeiture statute was defeated in this instance. As a result, we find Bankers is released of any and all obligations under the bond pursuant to La. R.S. 15:85(3)(c).

DECREE

Accordingly, the judgment of the criminal district court denying the motion to set aside bond forfeiture is reversed.
REVERSED

. La. R.S. 15:85 was amended effective August 15, 2010. However, the law in effect at the time of the bond forfeiture applies. Bankers, 37,080, p. 4, 843 So.2d at 644, n. 2, citing State v. Adkins, 613 So.2d 164 (La.1993).