SANDRA CABRINA JENKINS, Judge.
|, The sole issue before the court is the discretion afforded the trial court in setting aside a judgment of bond forfeiture absent “a fortuitous event” that would make the bail bond obligation impossible to perform. See La. R.S. 15:83(C)(1); La. C.Cr.P. art. 345(1). We find that the trial court abused its discretion in granting the surety’s motion to set aside the judgment of bond forfeiture. For the reasons stated below, the judgment of August 28, 2009 granting the surety’s motion to set aside judgment of bond forfeiture and petition for nullity is reversed. The original judgment of November 20, 2008 forfeiting the bond in this matter is re-instated. This matter is remanded for further proceedings consistent with this opinion.

BACKGROUND AND PROCEDURAL HISTORY

The defendant was arrested for violation of La. R.S. 40:967, possession of a controlled dangerous substance — cocaine. Immediately following arrest, the defendant secured a commercial surety bond with Safety National Casualty Corporation (“Safety”) in the amount of $7000. The defendant subsequently failed to appear for arraignment, and the State moved for forfeiture of defendant’s bond. The trial court granted the State’s motion to forfeit the commercial surety bond and, on November 20, 2008, executed a judgment in favor of the State of Louisiana Land against the defendant as principal, and Safety as commercial surety[1] in the amount of $7000.00.
On April 30, 2009, Safety filed a motion to set aside bond forfeiture and petition for nullity of judgment. Safety stated that within the six months of the mailing of the notice of bond forfeiture, on or about December 15, 2008, the defendant was in the custody of the Harris County Sheriffs Office in Texas. Safety attached a letter of verification that defendant had been in jail in Harris County from April 10, 2009 to April 12, 2009. On the basis of those allegations, Safety prayed for the judgment of bond forfeiture to be set aside and declared an absolute nullity, and to be released from liability under the bail bond.
On May 18, 2009, the State filed an answer and reconventional demand. The *1117 State argued that Safety and its counsel did not comply with the requirements of La.C.Cr.P. art. 345, necessary to have a judgment of bond forfeiture set aside. Subsequently, Safety filed a motion for extension of time to surrender the defendant. In that motion, Safety asserted that it had complied with the policy that it knew to exist to have a forfeiture set aside. More specifically, Safety alleged the following:
.8.
It has for years been the practice in Orleans Parish (as in many other parishes and courts of the State of Louisiana) that a letter verifying the defendant’s incarceration in another parish, for however long of a period of time within six months of the mailing of the' notice of judgment of bond forfeiture, satisfies the surety’s obligation on a bond forfeiture without the surety doing anything further.
9.
Counsel has recently been made aware of a change in that policy, a change which was not promulgated in any way. The surety |scompanies had no way of knowing that this change of policy had taken place. The surety company had no was [sic] of suspecting that such a change of policy would take place.
Safety contended that if it had known of the policy change, then it would have complied with that policy in order to have the judgment of bond forfeiture set aside. Wherefore, Safety prayed for an extension of time to comply with the new policy and to surrender the defendant to satisfy Safety’s. bond obligation.
At the hearing on the motions, Safety argued that the change in policy by the Orleans Parish District Attorney’s office was a fortuitous event that Safety could not have reasonably foreseen. Safety contended that this “fortuitous event” made the bond obligation impossible to perform within the six month timeframe, and therefore, Safety argued it should be granted an extension of time to surrender the defendant.
The State argued that there was no “change in policy,” and the provisions of La.C.Cr.P. art. 345 require more than a letter of verification that the defendant was in jail at some time during the six months after notification of bond forfeiture. The State opposed Safety’s motion to set aside the bond forfeiture based on Safety’s failure to conform to the statutory requirements of La.C.Cr.P. art. 345.
After the parties presented arguments, the trial court found that the “change in policy” was not a fortuitous event, because the State had followed the law by requiring more than a letter of verification. The trial court denied the request for extension of time to surrender the defendant. The trial court then granted Safety’s motion to set aside the judgment of bond forfeiture:
BY MR. BECK: I had filed the original Motion to Set Aside, based on 345 in a good faith filing of 345, based on how things have been done in this court for the past many years.
BY THE COURT: Granted.
|4BY MR. REDMANN: Your Honor, we just discussed that — One issue is I was arguing that it’s unfounded because it isn’t under 345.
BY THE COURT: And I think I can make an equity ruling that they’ve been given notice and I’m not forfeiting on this one.
BY MR. BECK: Thank you your Hon- or.
BY MR. REDMANN: So, your Honor, are you ruling under article 345, Subsection (I) as this is a fortuitous event?
BY THE COURT: No, I’m not. In my discretion, I can deny the relief, number 3.
*1118 BY MR. REDMANN: Your Honor, it says, “if upon proof satisfactory to the Court, that a fortuitous event—
BY THE COURT: I’m satisfied.
It is from this ruling, the State timely appeals.

DISCUSSION

The State argues that La.C.Cr.P. art. 345(1) does not afford the trial court discretion to set aside a judgment of bond forfeiture absent “a fortuitous event” that would make the bond obligation “impossible to perform as required under the contract.” La.C.Cr.P. art. 345(I).[2]
The trial court found that La.C.Cr.P. art. 345(1) granted the court broad discretion in ruling on the motion to set aside the judgment. We review the trial court’s interpretation and application of the statute under a de novo standard of review. Iles v. Ogden, 11-0317, p. 4 (La.App. 4 Cir. 9/5/12), 99 So.3d 1035, 1038; Cleco Evangeline, L.L.C. v. Louisiana Tax Com’n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353.
“A statute must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature.” Moss v. State, 2005-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. The words of the law must |sbe given their generally prevailing meaning. La. C.C. art. 11. Where the language is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. Legislative intent is to be determined “by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.” Moss, p. 15, 925 So.2d at 1196.
Bond forfeitures are not favored in Louisiana. State v. Brown, 11-0804, p. 2 (La. App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290 (citing Bankers Ins. Co. v. State, 37,080, p. 3 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644.) The purpose of a criminal bail bond is to ensure that the accused will appear at all stages of the criminal proceedings against him. Criminal bail bonds are contractual and, therefore, civil in nature. La. R.S. 15:83(A). The implementation of criminal bail bonds, however, is governed by both civil and criminal Louisiana law. Id. When entering into a criminal bail bond obligation on behalf of a defendant, a surety assumes those risks that are reasonably foreseeable. La. R.S. 15:83(B). The surety is not liable for his failure to perform when it is caused by a fortuitous event, unless the surety has assumed the risk of such a fortuitous event. La. R.S. 15:83(0(1); see State v. Allen, 11-0693, p. 4 (La.App. 4 Cir. 8/8/12), 98 So.3d 926, 929. A fortuitous event is defined as one which could not have been reasonably foreseeable at the time the contract was made. La. R.S. 15:83(0(2).
If the defendant fails to appear, the State must strictly comply with statutory provisions to obtain a judgment of bond forfeiture. Brown, p. 2, 80 So.3d at 1290. Louisiana law also provides specific procedures for the defendant and sureties to object to judgments of bond forfeiture.[3] *1119 At the time the judgment of bond forfeiture was entered, in this case, the governing statute provided in pertinent part:
Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture.... The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
La. R.S. 15:85(5) Acts 2006, No. 735, § 1, eff. August 15, 2006.
Safety attempted to avail itself of the defenses of La.C.Cr.P. art. 345(1) by alleging that a fortuitous event prevented it from complying with its obligations under the contract. At the time the motion was filed, La.C.Cr. P. art 345(1) provided:
In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the discretion of the court that a fortuitous event has occurred and that such event has made his performance required under the contract impossible to perform. A motion seeking relief pursuant to this Paragraph must be filed within twelve months from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
17(2) Grant an extension of time up to twelve months from the expiration of the initial six month time period from the date of the mailing of proper notice of bond forfeiture ....
(3) Deny the relief.
La.Code Crim. Proc. art. 345(1) Acts 2006, No. 466, § 2, eff. June 15, 2006. (emphasis added).
Paragraph (I) was added to the statute by Acts 2006, No. 466, § 2. The legislative notes accompanying the 2006 amendment to this statute reference Hurricanes Katrina and Rita as an underlying motivation for the amendment:
Section 3. This Act specifically recognizes that Hurricanes Katrina and Rita caused significant and devastating destruction of personal and real property, and resulted in the mandatory evacuation, relocation, and displacement of many residents.... Further, it recognizes that the damages caused by these hurricanes have made it impossible for sureties and law enforcement officers to locate some defendants.
In State v. Allen, 11-0693, p. 5 (La.App. 4 Cir. 8/8/12), 98 So.3d 926, 930, this court considered whether the trial court abused its discretion by applying La.C.Cr.P. art. 345(1) based on facts that did not constitute a statewide disaster or emergency situation. In Allen, the surety argued that it believed the defendant had been in fed *1120 eral protective custody working with federal agents on a case, and, due to these unforeseeable circumstances, it was unable to surrender the defendant within six months of the bond forfeiture. In granting the motion to set aside the bond forfeiture, the trial court reasoned that it would have granted the surety’s original motion to extend the time to surrender the defendant. ■ Since the surety found and surrendered the defendant shortly after it filed the motion for extension of time, the trial court stated that it would have ultimately granted the motion to set aside the bond forfeiture,
|RThis . court affirmed the trial court judgment, and held that the court was within its discretion, under the statute, to find the facts presented by the surety constituted satisfactory proof of a fortuitous event:
Clearly, it is preferable for a surety to come forward with some concrete evidence to support its motion, such as an affidavit from the U.S. Attorney ... This, however, is an unlikely scenario and, in any event, La.Code Crim. Proc. art. 345(1) requires only ‘proof satisfactory to the court.’ As such, although the proof before the trial judge was very circumstantial, we do not find that she abused her discretion ...[4] Allen, p. 6, 98 So.3d at 930.
In the instant case, the trial court stated that it found no proof of a fortuitous event. La.C.Cr.P. art. 345(1) clearly requires (1) the surety to file a motion for the extension of time or to have the judgment set aside, (2) the court to hold a contradictory hearing with the district attorney, (3) proof satisfactory to the discretion of the court that a fortuitous event occurred, and (4) a finding that the event has made the surety’s performance impossible to perform. The trial court cannot use its discretion to make one of the three available rulings, provided by La.C.Cr.P. art. 345(I)(l)-(3), without a finding that the surety satisfied its burden of proof.
Safety argued that the State’s change of policy was a fortuitous unforeseeable event or circumstance that prevented it from performing its bond obligation. In the hearing, the trial court determined that Safety was claiming that the State’s enforcement of the statutory requirements of La.C.Cr.P. art. 345 was the unforeseeable change in policy. The trial court stated, “It’s not fortuitous, they | followed the law.” Based on this finding that the event was not fortuitous, the trial court denied the motion for extension of time to surrender the defendant.
The trial court then changed course, granted the motion to set aside the bond forfeiture, and reasoned that it was making an “equity ruling” by “not forfeiting.”
We agree with the finding that the “change of policy” was not a fortuitous event, and we find no error in the trial court’s denial of the motion for extension of time to surrender the defendant. We find that the trial court abused its discretion when it disregarded the need for a finding of a fortuitous event and granted Safety’s motion to set aside the bond forfeiture.
Finally, we briefly address the trial court’s statement that it made an “equity ruling.” The trial court did not provide any reasons, such as the interest of justice or judicial economy, that this case warranted a ruling based , on the balance of *1121 equities. While we recognize that bond forfeitures are not favored in Louisiana, sureties assume certain risks associated with posting criminal bail bonds and guaranteeing the appearance of the defendant. Sureties should also assume that the State will enforce the laws by which sureties must perform their obligations. In this case, Safety is a commercial surety with experience throughout Louisiana, and it should not be allowed to avail itself of ignorance of the law. We find that the trial court’s judgment granting Safety’s motion to set aside the bond forfeiture was an abuse of the court’s discretion.

CONCLUSION

For all the reasons stated above, the trial court judgment of August 28, 2009 granting Safety’s motion to set aside the judgment of bond forfeiture is reversed. The original judgment of November 20, 2008 forfeiting the bond in this matter is | inre-instated. This matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. #1 Bail Bonds Recovery, LLC was also named in the judgment as surety, in solido, in the sum of $7000.00.

. In its appeal, the State also argued that the trial court erred in granting the motion to set aside under La.C.Cr.P. art. 345(D), which allows for the constructive surrender of a defendant found to be incarcerated in a foreign jail. The record reflects that the trial court rejected Safety’s arguments based on La.C.Cr.P. art. 345(D), and, therefore, we will not address this argument. We find that the trial court ruled to set aside the judgment of bond forfeiture under La.C.Cr.P. art. 345(1).

. At the time of the trial court proceedings, La. R.S. 15:85 was entitled "Forfeiture; pro *1119 cedure; notice; and collection” and provided the rules for obtaining and objecting to a judgment of bond forfeiture. Pursuant to statutory revisions by Acts 2010, No. 710, the pertinent provisions governing forfeiture procedure, hearing, notice of judgment, nullity and summary proceedings were redesignated, respectively, as La.C.Cr.P. arts. 349, 349.2, 349.3, and 349.5.

. We noted that the version of the statute in effect at the time required "proof satisfactory to the discretion of the court” rather than "proof satisfactory to the court,” as written in the amended version made effective in 2010 by Acts 2010, No. 914, § 1. This court’s majority found that the additional discretionary language of the 2006 version did not give more discretion to the court, or allow for more subjectivity, than does the 2010 version.