| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-1052** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CLARENCE JONES** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 535-943, SECTION "J"
Honorable Darryl A. Derbigny, Judge

\* \* \* \* \* \*

**Judge Daniel L. Dysart**

\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Tiffany G. Chase)


Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Blaise C. D'Antoni
ASSISTANT DISTRICT ATTORNEY
Parish of Orleans
619 S. White Street
New Orleans, LA 70119
 COUNSEL FOR APPELLANT/STATE OF LOUISIANA



James Hoeffgen
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
 COUNSEL FOR DEFENDANT/APPELLEE



**REVERSED AND REMANDED**

**APRIL 29, 2020**

**DLD**
**JCL**
**TGC**

This is a bond forfeiture case. The State appeals a judgment of the trial court denying it a Judgment of Bond Forfeiture. For the reasons that follow, we reverse the ruling of the trial court.

**BACKGROUND:**

Clarence Jones was arrested on June 10, 2017, for violation of La. R.S. 14:34, aggravated burglary. He made his first appearance the next day, and a bond was set at $8,000.00. On July 19, 2017, a bill of information was filed charging Jones with a violation of La. R.S. 14:34.7, second degree burglary with a dangerous weapon. Jones posted a commercial bond for $8,000.00 on September 25, 2017, which was underwritten by Financial Casualty & Surety, Inc. ("FC&S"), through its agent, A-1 Unlimited, Inc. ("A-1").

On May 31, 2018, Jones failed to appear in court as scheduled. The trial court issued an alias capias for his arrest. On July 26, 2018, the clerk of criminal court mailed the notice of capias issued to Jones, FC&S and A-1.

1

On April 19, 2019, the State filed a Rule to Show Cause for Bond Forfeiture in Section "J," setting the rule for April 25, 2019. On that date, the court took the matter under advisement and set May 6, 2019, as the ruling date. On May 6, the court denied the State's Judgment of Bond Forfeiture.

This appeal follows.

**DISCUSSION:**

Bond forfeitures are not favored in Louisiana. *State v. Nellon*, 12-1429, p. 5 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118, (citing *State v. Brown*, 11-0804, p. 2 (La.App. 4 Cir. 4/4/06), 80 So.3d 1288, 1290. If the defendant fails to appear, the State must strictly comply with the statutory rules to obtain a judgment of bond forfeiture. *Nellon,* 12-1429, p. 6, 124 So.3d at 118 (citing *Brown,* 11-0804, p. 2, 80 So.3d at 1290)).

The State argues that the trial court erred in not granting the Judgment of Bond Forfeiture due to its misinterpretation of La. Cr.C.P. art. 336, which provides in part:

> A. The court at a contradictory hearing shall forfeit the bail undertaking and sign a judgment of bond forfeiture upon proof of all of the following:
> (1) The bail undertaking.
> (2) The power of attorney, if any.
> (3) Notice to the defendant and the surety as required by Article 334.
> (4) Proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent.

Statutory interpretation is a legal issue. It is well settled that appellate court's review questions of law *de novo* giving "no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and

renders judgment on the record." *Dudenhefer v. Louisiana Citizens Property Ins. Corp.,* 19-0387, p. 6 (La.App. 4 Cir. 9/25/19), 280 So.3d 771, 776 (citing *Banks v. New Orleans Police Dep't,* 01-0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 514)).

The only disputed issue in this case is whether La. C.Cr.P. art. 337 effects the application of La. C.Cr.P. art. 335.[1] The trial court found that Article 337, which provides in part that "[t]he appearance by the defendant shall interrupt the period for obtaining a bond forfeiture judgment," was applicable. As the defendant had made an appearance on April 25, 2019, the day the rule to show cause was set to be heard, the court found that his appearance interrupted the period for obtaining the bond forfeiture judgment. The State argues that this is a misinterpretation of the time limitations set forth in Article 335.

The State explains that the notice of capias was mailed to the defendant and surety on July 26, 2018, the date on which the period for filing a rule to show cause to obtain a bond forfeiture judgment began to run. *See* Art. 335.[2] Article 336 provides that the State cannot seek a bond forfeiture until at least 180 days has elapsed since the notice of capias was sent. *See* Art. 336 A(4), *supra*. The State

---

[1] There is no question that all other statutory requirements, e.g., proper and timely service upon the defendant and surety, as set forth in La.C.Cr.P. art. 336, were met by the State.

[2] "If the defendant fails to make an appearance and has not been surrendered or constructively surrendered within one hundred eighty days of the execution of the certificate that notice of warrant for arrest was sent, the prosecuting attorney may file a rule to show cause requesting that bond forfeiture judgment be rendered. The rule to show cause shall be mailed to the defendant and served on all other parties against whom a judgment is sought. The rule to show cause shall be sent for contradictory hearing. The time period for filing a rule to show cause to obtain a judgment of bond forfeiture does not begin until after the notice of warrant for arrest is sent." La. C.Cr.P. art. 335.

filed its Rule to Show Cause, with proof of statutory compliance, on April 2, 2019, 250 days after the clerk mailed the notice of arrest warrant.

The trial court found that La. C.Cr.P. art. 337 applied, and as the defendant appeared at the show cause hearing on April 25, 2019, the forfeiture period was interrupted.

The defendant argues that a judgment is not complete until a rule to show cause is held. As he appeared at the rule to show cause on April 25, 2019, he could have presented a defense for his non-appearance.

Louisiana Code Criminal Procedure art. 338 sets forth the events that would prevent a court from decreeing a bond forfeiture. Three of the defenses involve military service by the defendant, and the fourth involves a state of emergency declared by the governor. Clearly, none of these defenses are applicable to Jones, nor were they argued in the court below. His appearance on April 25, 2019, therefore did not interrupt the period for obtaining a bond forfeiture.

In *State v. Jones,* 18-909 (La.App. 3 Cir. 6/5/19), 275 So.3d 34, the appellate court held that "[o]nly an appearance by the defendant **within the 180 days** serves as an interruption of the period for obtaining a bond forfeiture judgment." 18-909, p. 8, 275 So.2d at 40 (emphasis added.). We agree with the Third Circuit's interpretation of La. C.Cr.P. art. 336, and with the State's argument that the purpose of the 180 day window provided for in Article 335 is to allow the defendant to appear or to have the surety locate him for an appearance. Here, the defendant did not make an appearance until April 25, 2019, 273 days after the

4

notice of capias was mailed to the defendant. To find otherwise would negate the purpose of having the State wait 180 days prior to filing the rule to show cause for the bond forfeiture.

Jones also argues that his due process rights were violated by the district attorney's participation in the bond forfeiture proceeding. As Jones did not raise this argument in the trial court, nor did he serve the State Attorney General with a copy of the proceeding, this argument is not properly before this Court.

**CONCLUSION:**

Accordingly, we reverse the ruling of the trial court denying the judgment of bond forfeiture, and remand for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED**