STATE OF LOUISIANA     *     NO. 2025-KA-0061

VERSUS     *

    COURT OF APPEAL

GILBERT V. ROBINSON JR.     *

    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-287, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Paula A. Brown)

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Blaise C. D'Antoni
Assistant District Attorney
Patricia Amos
Assistant District Attorney
PARISH OF ORLEANS
DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLANT

Aspen Steib Murphy
Sylvia E. Taylor
Alicia I. McDowell
TAYLOR MCDOWELL STEIB MURPHY LAW LLC
1935 W. Airline Highway
LaPlace, LA 70068

      COUNSEL FOR APPELLEE

**REVERSED AND RENDERED**
**JUNE 18, 2025**

*RLB*

*RML*

*PAB*

This appeal arises from the trial court's denial of the State's motion for judgment of bond forfeiture. For the reasons that follow, we reverse and render judgment in favor of the State.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On August 1, 2023, Gilbert Robinson ("Defendant") was arrested for theft, unauthorized entry of critical infrastructure, and criminal damage to infrastructure. The trial court set Defendant's total bail at $5,500.00. Defendant was granted an unsecured (ROR) bond for the theft and criminal damage charges; however, he remained detained due to his inability to pay the remaining $2,500.00 of his bail. On August 10, 2023, Operation Restoration's Safety & Freedom Fund ("Operation Restoration"), a community bail fund that posts bonds on behalf of individuals unable to afford them, posted the $2,500.00 bond to secure Defendant's release.

1

On September 7, 2023, the State filed a bill of information charging Defendant with theft, unauthorized entry of critical infrastructure, and simple criminal damage, in violation of La. R.S. 14:67(B)(3), La. R.S. 14:61, and La. R.S. 14: 56(B)(2). Defendant failed to appear for his arraignment, and the trial court issued an alias capias on October 12, 2023. On January 9, 2024, the clerk's office mailed notice of the failure to appear and the alias capias to the address on the bond. The next day, the clerk's office filed the alias capias certificate into the record.

On August 15, 2024, the State filed a motion for rule to show cause why the bond should not be forfeited. Although Operation Restoration did not receive formal notice of the forfeiture proceedings, it appeared at the initial hearing in September 2024, which was continued to October.

At the October 2024 hearing, Operation Restoration objected to the judgment of bond forfeiture, arguing the State failed to comply with La. C.Cr.P. art. 336 because Operation Restoration did not receive notice of the warrant of arrest. The State responded that Operation Restoration is a cash depositor, not a surety, and therefore, not entitled to notice. Following the hearing, the trial court denied the State's motion for judgment of bond forfeiture on November 19, 2024. The State timely filed this appeal.

### STANDARD OF REVIEW

The State raises three interrelated assignments of error: (1) whether a cash depositor is entitled to the benefits of suretyship; (2) whether an entity providing a

cash deposit for bail qualifies as a bondsman or surety; and (3) whether a cash depositor is entitled to notice as a party against whom a judgment is sought. The central question before us is whether a cash depositor is entitled to the same procedural due process protections afforded to sureties under La. C.Cr.P. arts. 334 and 336. As the issue concerns a question of law, it is subject to *de novo* review. *State v. Sampy*, 18-877, p. 2 (La. App. 3 Cir. 6/5/19), 274 So.3d 171, 173 (citations omitted).

## *DISCUSSION*

This appeal presents a relatively novel issue for the Court in that it has only recently come under judicial scrutiny. According to Operation Restoration, it has posted bonds in Orleans Parish for individuals who cannot afford them for more than seven years, and during that time, it has routinely received notice of the forfeiture proceedings. The State alleged at the hearing that as part of a broader effort to streamline operations and limit services not explicitly required by law, it ceased providing such notice. This Court has had limited opportunity to address the legal implications of this practice, having done so only once before in *State v. Cortez-Miranda*, 24-0693 (La. App. 4 Cir. 4/30/25), -- So.3d --, 2025 WL 1248635.

Criminal bail bonds are contractual and civil in nature but are subject to special rules in the Code of Criminal Procedure. La. R.S. 15:83(A); *State v. Brown*, 11-0804, p. 2 (La. App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290 (citation omitted). "If a defendant fails to appear, the State must strictly comply with statutory provisions

3

to obtain a judgment of bond forfeiture." *State v. Nellon*, 12-1429, p. 5 (La. App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118 (citing *Brown, supra*).

To obtain a judgment of bond forfeiture, the State, at a contradictory hearing, must provide proof of the following: (1) the bail undertaking; (2) the power of attorney, if any; (3) notice to the defendant and surety as required by La. C.Cr.P. art. 334; and (4) proof that more than 180 days have elapsed since the notice of warrant for arrest was sent. *See* La. C.Cr.P. art. 336.

On appeal, the State asserts the trial court erred in its interpretation of La. C.Cr.P. arts. 334, 335, and 336 to find Operation Restoration is entitled to notice. The State contends that Operation Restoration is a cash depositor and therefore not entitled notice and service in the same way as a surety.

Operation Restoration, on the other hand, advances a two-pronged argument for its entitlement to notice. First, it contends that, like a surety, it holds a property interest in the cash bond because it is the sole entity authorized to reclaim the funds upon disposition of the case. Second, Operation Restoration argues that because the State's motion for judgment of bond forfeiture is directed at the funds it deposited, it is the party against whom the adverse judgment on bond forfeiture is sought pursuant to La. C.Cr.P. art. 335. Therefore, despite its status as a cash depositor, Operation Restoration claims it should be afforded the same procedural due process as a surety.

"Bail is the security given by a person to assure a defendant's appearance before the proper court whenever required." La. C.Cr.P. art. 311(1). La. C.Cr.P.

4

art. 321(A) recognizes five types of bail in Louisiana. Important to our discussion are two of those mechanisms by which a defendant's release may be secured: bail through a suretyship agreement (La. C.Cr.P. arts. 322-24) and bail by cash deposit in lieu of surety (La. C.Cr.P. art. 326). We examine bail through suretyship agreement first.

"When a party posts an appearance bond for release of a defendant pending criminal proceedings, a suretyship agreement with the state is created." *Sampy*, 18-877, p. 3, 274 So.3d at 173 (quoting *State, City of Bossier City v. Miller*, 40,492, pp. 6-7 (La. App. 2 Cir. 1/25/06), 920 So.2d 408, 412). This agreement is contractual in nature, and pursuant to La. C.C. art. 3038, "[s]uretyship must be express and in writing." The surety thereby assumes the obligation to ensure the defendant's appearance at each stage of the proceedings and compliance with all court orders. *Miller*, 40,492, p. 7, 920 So.2d at 412 (citing *State v. McCart*, 627 So.2d 761, 763 (La. App. 2d Cir. 1993)). Breach of that obligation "will lead to a money judgment against the surety." *Id*., 40,492, pp. 6-7, 920 So.2d at 412 (citing *State v. Shief*, 534 So.2d 513, 514 (La. App. 5th Cir. 1988)).

In contrast, La. C.Cr.P. art. 326 governs cash bail deposits. It allows a defendant to deposit cash "in lieu of a surety" to secure release. La. C.Cr.P. art. 326(A)(1)(a). The statutory distinction is important when evaluating whether a third-party cash depositor, like Operation Restoration, is entitled to notice of bond forfeiture.

In *Miller*, a family friend deposited cash on behalf of the defendant and later

sought to be treated as a surety in order to contest the bond forfeiture. The court acknowledged that the possibility of a "hybrid" arrangement is not prohibited under the code, but made clear that such treatment is determined by compliance with the codal requirements for suretyship. *Miller*, 40,492, p. 8, 920 So.2d at 412. The court emphasized that for a third party to be considered a surety, there must be an express and written agreement between the third party and the state or city. In *Miller*, no such agreement existed. The appearance bond did not name the family friend nor was there any indication that the City had consented to treat him as a surety. The cash deposit was therefore deemed full security for the bail amount authorized by Article 326[1] and understood to be "a bail arrangement solely between [the City] and the defendant." *Id.*, 40,492, p. 9, 920 So.2d at 413. Without evidence of a written suretyship agreement, the family friend in *Miller* was deemed a cash depositor and not entitled to the same procedural protections afforded sureties.

Here, the appearance bond states that the "Defendant acknowledges himself/herself to owe to the State of Louisiana the sum of the above-stated Bond Amount." "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made…." La. C.C. art. 2046. The bond obligation does not name or otherwise recognize Operation Restoration as a surety. As in *Miller*, Operation Restoration made a cash deposit on behalf of the Defendant but did not enter into a suretyship contract with the State.

---

[1] *Miller* cites the prior version of the code article governing cash deposits, La. C.Cr.P. art. 324. Effective January 1, 2017, that provision was renumbered as La. C.Cr.P. art. 326.

The bond obligation does not reflect any agreement to treat Operation Restoration as a surety, nor is there evidence that the State accepted such an arrangement.

Moreover, the notice requirements set forth under La. C.Cr.P. art. 334 require that notice be sent to a bail agent, bondsman, personal surety and/or commercial surety. Operation Restoration does not qualify as any of these and no evidence has been presented that it is licensed to conduct business in the State of Louisiana as a bail agent, bondsman, or commercial surety. Operation Restoration defines itself, as it did on the bond obligation, as a cash depositor. Cash deposits pursuant to La. C.Cr.P. art. 326, are its own distinct type of bail, and the notice requirements under La. C.Cr.P. art. 334 make no mention of notice to cash depositors. Similarly, La.C.Cr.P. art. 336(A)(3), which outlines the proof necessary to obtain a judgment of bond forfeiture, mirrors the language of La. C.Cr.P. art. 334 by referring only to "[n]otice to the defendant and the surety."

Although Operation Restoration seeks to invoke the protections afforded sureties, those protections do not automatically apply to all parties who fund bail. As the *Miller* court explained, absent written evidence of a suretyship agreement, no such legal status is presumed. In the absence of a formal suretyship agreement, Operation Restoration is not entitled notice.

The State fully complied with La. C.Cr.P. art. 336 in this case. The State submitted proof of the bail undertaking, notice provided to the Defendant as required by La. C.Cr.P. art. 334, and proof that the Defendant failed to appear within 180 days after mailing the notice of warrant of arrest to the Defendant.

Accordingly, the State was entitled to bond forfeiture. Therefore, we find the trial court erred in denying the State's judgment of bond forfeiture.

### *DECREE*

For these reasons, we reverse the trial court's November 19, 2024 judgment and render judgment of bond forfeiture against Defendant and in the State's favor in the amount of $2,500.00.

**REVERSED AND RENDERED**