# LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-909**
**Consolidated with 18-910**
**Consolidated with 18-911**

**STATE OF LOUISIANA**

**VERSUS**

**DEANDRUS JONES, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20183373
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.

**REVERSED.**

Paul J. deMahy
2206 Catherine Drive
St. Martinville, Louisiana 70582
(337) 519-5400
Counsel for Defendant/Appellant:
**American Surety Company**

Keith Stutes
District Attorney
Emilia Salas Pardo
Assistant District Attorney
800 S. Buchanan St.
Lafayette, Louisiana 70501
(337) 232-5170
Counsel for Plaintiff/Appellee:
**State of Louisiana**

**PERRY, Judge.**

American Surety Company ("American") appeals the judgment of the trial court, forfeiting three appearance bonds American, as surety, posted on behalf of Deandrus Jones ("Jones"), its principal. For reasons that follow, we reverse the judgment granting the forfeiture of Bond Number 724225D (Power Number AS15-438564) in the current case, appellate docket 18-909.[1]

### FACTS AND PROCEDURAL HISTORY

On September 2, 2015, Jones was arrested on three counts of simple burglary, violations of La.R.S. 14:62. He was bonded out of jail on September 11, 2015, by three commercial surety bonds, numbers 724223D, 724224D, and 724225D, each issued on behalf of American in the amount of $5,000.00. On July 27, 2017, Jones failed to appear in court after personal service. As a result, the court issued a warrant for Jones's arrest. In accordance with La.Code Crim.P. art. 334, the Clerk of Court, Lafayette Parish, notified American on August 7, 2017, that the court had issued a warrant of arrest for Jones; American signed receipt of the certified mail on August 14, 2017. On February 16, 2018, approximately 193 days after the execution of the certificate that the notice of warrant for arrest was sent, Jones was re-arrested.

On May 23, 2018, the State filed a petition for rule to show cause, ordering Jones and American to appear and show cause why bond forfeiture judgments should not be rendered against them. In various places in its petition, the State asks for the forfeiture of two bonds. In particular, the second unnumbered paragraph of the

---

[1] American was cast in judgment as surety for Jones on three appearance bonds. American appealed each judgment in the amount of $5,000.00. A separate appellate docket number has been assigned to each judgment. By order of this court, the three appeals were consolidated. A separate opinion has been issued in each docketed appeal. In the companion case of *State of Louisiana v. Deandrus Jones, et al.,* 18-910 (La.App. 3 Cir. __/__/__), and *State of Louisiana v. Deandrus Jones, et al.*, 18-911 (La.App. 3 Cir. __/__/__), we affirm the judgments granting the forfeiture of Bond Number 724224D (Power Number AS5-1067356), our docket number 18-910, and Bond Number 724223D (Power Number AS5-1060104), our docket number 18-911.

State's pleading: "On **SEPTEMBER 11, 2015, AMERICAN SURETY COMPANY**, a commercial surety, issued two criminal bail bonds for the release of the defendant[.]" The third unnumbered paragraph states, "Code of Criminal Procedure 336 authorizes [the] State to obtain two judgments of bond forfeiture upon the proof of four elements." The fourth unnumbered paragraph states, in pertinent part, "The State respectfully represents that the four (4) elements required in the statute are satisfied by the following: 1. Two bail undertakings were executed for the defendant by the surety through its agent on **SEPTEMBER 11, 2015**, and copies are attached." Finally, the State's last unnumbered paragraph states, "For the above and foregoing reasons, counsel for the State requests this Honorable Court to order **DEANDRUS JONES AND AMERICAN SURETY COMPANY** to appear and show cause why two bond forfeiture judgments should not be rendered against DEANDRUS JONES AND AMERICAN SURETY COMPANY."

Yet, in other places in its pleading the State delineates three appearance bonds, specifying that those bonds were for "criminal bail bonds for the release of the defendant [Jones] in the amounts of **FIVE THOUSAND ($5,000.00) DOLLARS and FIVE THOUSAND ($5,000.00) DOLLARS, FIVE THOUSAND ($5,000.00) DOLLARS**" issued through its agent BONDS 4 LESS. The State's fourth unnumbered paragraph further states, in pertinent part, "The powers of attorney **AS15-438564, AS5-1067356, AS5-1060104**, executed by the agent for the surety are attached." Also attached to the rule to show cause were copies of the three commercial surety bonds and their three corresponding powers of attorney; a copy of the notice of warrant for Jones's arrest and the notice of the warrant for arrest mailed on August 7, 2017, to Jones and American; a copy of the certificate of service of the certified mail on Jones and American; and a letter from the Lafayette Parish Sheriff's Office, verifying that more than 180 days passed after the mailing of the

2

notice of warrant for Jones's arrest. The trial court set the rule to show cause for a hearing on July 25, 2018.

At the hearing on July 25, 2018, neither Jones nor American appeared. At that time, the State entered into evidence the appearance bonds, the powers of attorney, the notice of warrant for arrest with the certificate of service, and the one hundred eighty days letter. The State also alerted the trial court to a typographical error in its pleadings—although it used the word "two" in reference to the number of criminal bail bonds, it listed all three $5,000.00 bonds and their three powers of attorney in its petition for rule to show cause and attached those items as exhibits to the petition. However, when an attorney representing Bonds 4 Less appeared at the hearing, the trial court took the issues under advisement, ordered the hearing reset for August 29, 2018, and ordered Jones and American re-served.

On August 29, 2018, neither Jones nor American appeared.[2] After hearing oral argument and reviewing the evidence, the trial court granted judgment in favor of the State and against Jones, as principal, and American, as surety, in the amount of $5,000.00 on each of the three appearance bonds. Separate judgments were signed for each of the appearance bonds.

American suspensively appealed each of the judgments. It assigns as error that the trial court erred: (1) when it rendered three judgments of bond forfeiture against American, although the State's petition alleged two bonds were issued by American and sought to forfeit two bonds; (2) when it rendered three judgments of bond forfeiture against American based on a failure to appear on a warrant that was recalled before the State filed its petition to forfeit; and (3) when it rendered three

---

[2] Although the attorney for Bonds 4 Less made an appearance, the trial court ruled Bonds 4 Less did not have standing. Our review of the record shows Bonds 4 Less was not made a party to the State's proceedings and was not served with the State's pleading. Bonds 4 Less neither sought a supervisory writ application on the trial court's ruling nor is it a party to this appeal. Therefore, this issue is not before us.

judgments of bond forfeiture against American after Jones pleaded guilty to count one of the original charges and the State dismissed counts two and three of the originally charged offenses.

## THE PLEADINGS

In American's first assignment of error, it argues that the trial court erred when it ordered the forfeiture of three appearance bonds when the State's pleadings sought the forfeiture of only two appearance bonds. For the following reasons, we find merit in American's argument.

Louisiana Revised Statutes 15:83(A) provides, "As criminal bail bonds are contractual and civil in nature, their creation and enforcement are governed both by the laws applicable to civil contracts and by the laws set forth in the statutes and code articles governing criminal procedure." To obtain a judgment of bond forfeiture against a surety, the State is required to strictly comply with the terms of the statutes regulating bond forfeitures. *Bankers Ins. Co. v. State*, 37,080 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, *writ denied*, 03-1240 (La. 6/27/03), 847 So.2d 1268.

Louisiana Code of Criminal Procedure Article 335 establishes the rule to show cause as the appropriate procedural vehicle for the State to seek the forfeiture of an appearance bond. The rule to show cause is a summary proceeding. *See* La.Code Civ.P. art. 2593. Except as otherwise provided by law, an answer is not required in a summary proceeding. *Id.* Notwithstanding, any exception to the rule to show cause "shall be filed prior to the time assigned for, and shall be disposed of at, the trial." *Id.* Lastly, the rule to show cause for the bond forfeiture "shall be mailed to the defendant and served on all other parties against whom a judgment is sought," and the rule "shall be set for a contradictory hearing." La.Code Crim.P. art. 335.

American, who did not appear at either hearing on the rule to show cause, now contends the trial court improperly allowed the State to enlarge its pleadings to

4

encompass three bond forfeitures when only two forfeitures were referenced in its petition. It does not contest that it issued the three bonds, received notice of the rule to show cause, or that it was unaware of the dates set for the contradictory hearing.

It cannot be denied that the State's petition in places seeks the forfeiture of two bonds. Also, it cannot be denied that the State's pleadings also reference the issuance of three bonds, all of them issued at one time and on the same date, and each bond issuance coincides with Jones's three burglary arrests; likewise, it is clear that the State's attachments include all three bonds and their corresponding powers of attorney. The record is equally clear that American received notice of the rule to show cause together with the State's pleadings and the three in globo attachments. Nevertheless, American points out that the State prayed for the forfeiture of only two bonds.

In *Moore v. Ware*, 01-3341, pp. 12-13 (La. 2/25/03), 839 So.2d 940, 948-49, the supreme court said:

> Due process is a flexible standard and calls for such procedural protections as the particular situation demands. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). As the United States Supreme Court noted in [*Cleveland Board of Education v.] Loudermill*, [470 U.S. 532, 105 S.Ct. 1487], "the right to due process is conferred not by legislative grace, but by constitutional guarantee." *Loudermill,* 470 U.S. at 541, 105 S.Ct. 1487 (quoting *Arnett v. Kennedy,* 416 U.S. 134, 167, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974))[.]
>
> "[The] central meaning of procedural due process is well settled. Persons whose rights may be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified." *Wilson v. City of New Orleans,* 479 So.2d 891, 894 (La.1985). Correlatively, this right to notice and opportunity to be heard must be extended at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

It cannot be denied that judgments sometimes arise in rules to show cause because of the defendant's failure to appear and refute the plaintiff's prima facie

case after having had the due process opportunity to do so, i.e., service of process containing proper notice of what is at stake. Nevertheless, the failure of a defendant to make an appearance on the record cannot be construed as agreement with the plaintiff's allegations, dispensing with the necessity for proof of at least a prima facie case on that which is demanded in the rule to show cause. Implicit in the requirement that the plaintiff prove a prima facie case before judgment may be granted is the presumption that the defendant's failure to appear constitutes a tacit denial and opposition to the plaintiff's claim and prayer for relief, not that the defendant's silence constitutes consent to judgment. In other words, if the defendant's failure to appear could be construed as some form of consent, there would be no need to require the plaintiff to prove a prima facie case at the hearing on the rule to show cause.

In the present case, there is no doubt the State's petition presented American with a mixed notice of its bond obligations. It can also not be denied that the State's petition for the rule to show cause tracked the four elements delineated in La.Code Crim.P. art. 336 needed to obtain the bond forfeitures: (1) it identified the bond undertakings; (2) it attached the corresponding powers of attorney; (3) it referenced the notice to the defendant, Jones, and American, his surety; and (4) it provided evidence that more than 180 days had elapsed since the notice of Jones's warrant for arrest was sent. Nevertheless, the State's rule to show cause also provided notice to American that the State sought to enforce only two of the bonds. In its prayer for relief, the State specified, "For the above and foregoing reasons, counsel for the State requests that this Honorable Court to order **DEANDRUS JONES AND AMERICAN SURETY COMPANY** to appear and show cause why two bond forfeiture judgments should not be rendered against **DEANDRUS JONES AND AMERICAN SURETY COMPANY**."

"A trial court's determination that an issue is encompassed within the scope of the pleadings is subject to a review for abuse of discretion." *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 14-697, 14-827, 14-828, p. 17 (La.App. 3 Cir. 2/18/15), 159 So.3d 1101, 1112 (citing *Metoyer v. Roy O. Martin, Inc.,* 03-1540 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467). In the present case, considering the procedural due process requirements applicable herein and the State's prayer for relief, we find the trial court abused its discretion when it allowed the forfeiture of the three appearance bonds when the State's pleadings gave notice to American that it sought only the enforcement of two of those bond obligations. Therefore, as more particularly decreed hereafter, we reverse one of the bond forfeiture judgments.

## AMERICAN'S DEFENSES

In its second and third assignments of error, American makes two additional arguments. First, it contends that the State was precluded from obtaining its judgments of bond forfeiture because Jones made an appearance on February 16, 2018. Second, it further contends that the State was precluded from obtaining its judgments of bond forfeiture because at his later court appearance, Jones pleaded guilty to one count of burglary, and the State dismissed the other two counts of burglary.[3]

Based on La.Code Crim.P. art. 335, the State had the right to seek the bond forfeitures when Jones failed to appear within the required 180 days after his arrest warrant was issued. Only an appearance by the defendant within the 180 days serves

---

[3] Although answers are not required in rules to show cause, "[e]xceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of at, the trial." La.Code Civ.P. art. 2593. To the extent American is now attempting to assert an affirmative defense of extinguishment of its obligations as surety for the first time in the appellate court, we find such assertion untimely.

as an interruption of the period for obtaining a bond forfeiture judgment. La.Code Crim.P. art. 337. In the present case, the exhibits entered into evidence show Jones did make an appearance, but it was thirteen days after the required 180-day period tolled as calculated from the date his arrest warrant was issued; accordingly, Jones's appearance did not interrupt the period for obtaining a bond forfeiture. Thus, when Jones failed to appear within the 180 days established by statute, American's bond obligations ripened into a cause of action enforceable by the State under the provisions of La.Code Crim.P. art. 335. Therefore, there is no merit to American's argument.

Next, American contends the State should not have been granted the judgments of bond forfeiture because Jones pled guilty to one count of burglary on July 23, 2018, and the State dismissed the remaining two counts of burglary. For the following reasons, we find this issue is not properly before us.

In its brief to this court, American refers to court records of Jones's plea agreement and Boykinization on July 23, 2018.[4] However, because neither Jones nor American appeared at the rule to show cause, those records were not entered into evidence. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Therefore, we cannot consider any of those documents in our review.

---

[4] For completeness, we note that Bonds 4 Less, who the trial court ruled had no standing in this matter, proffered Jones's Boykinization testimony of July 23, 2018, into the record. Louisiana Code of Civil Procedure Article 1636 does allow the trial court to permit a party to make a proffer of evidence ruled inadmissible. However, based upon a plain reading of the text of La.Code Civ.P. art. 1636, it is abundantly clear that only a party to the litigation may proffer evidence. In the present case, Bonds 4 Less was not a party to this litigation. Thus, American, who was not present at the hearing on the rule to show cause, may not now rely upon excluded, proffered evidence offered by one who was not a party to the litigation.

Notwithstanding, it is clear that once Jones failed to appear within the 180-day period designated in La.Code Crim.P. art. 335, American's obligation as surety ripened, and the State had a legal right to seek judgments of bond forfeiture based on the bail bonds. Jones's subsequent plea agreement in no way affected American's pre-existing, enforceable obligation as surety.

## DISPOSITION

For the foregoing reasons, in the current case, appellate docket 18-909, we reverse the judgment granting the forfeiture of Bond Number 724225D (Power Number AS15-438564).[5] Costs are assessed to American Surety Company.

**REVERSED.**

---

[5] Nowhere in the State's petition did it unambiguously specify which two bonds it sought to enforce. Accordingly, because all three bonds identified in the State's petition are each for the same sum of $5,000.00, we have arbitrarily chosen to reverse the first-numbered bond reflected in the judgment appealed in docket number 18-909.